Shippen, President.
 

 The principal point in this case is, whether, under our act of assembly, th e moiety of the cost of a party-wall is a personal charge against the builder of the second house, or such a lien upon the house
 
 *362
 
 itself, as shall render it liable to the reimbursement of the first builder, into whose hands soever it may come ?
 

 Lien is a technical term, that means a charge upon lands, running with them, and incumbering them in every change of ownership ; as mortgages, judgments, ground-rents, &c. There are some liens, also, created by statute; as, in the very act in question, where a perpetual lien is clearly given to the first builder of a party-wall, for so much of his neighbor’s land, as one-half of the breadth of the wall shall cover. It is enacted, at the same time, that the second builder, having the use of one-half of the wall, shall reimburse one-half of the expense of building it; which is a reasonable and useful regulation, calculated to prevent animosities and disputes.
 

 Whether, however, a purchaser of the second house, after it is built, shall be liable to the claim of the first builder, who has neglected or declined to assist upon the payment, before his wall was broken into, has been made a question, but, I think, it is easily resolved by attending to the expression and manifest intent of the law.
 

 The act of assembly declares, that the first builder shall be reimbursed ; but it also prescribes the time of reimbursement to be, before the second builder shall in any wise use, or break into the wall. This, it has been observed, is an indefinite right of payment; for, until the second house is begun, it cannot always be ascertained how much of the wall will be wanted, nor, until then, is there any form of action in which a recovery can be had. But this argument may, at once, be obviated, by considering, that if a man makes a breach in my wall, he is a trespasser, and, generally speaking, I have a competent remedy for the injury which he has done. The act of assembly, however, provides, that any person whose lot joins upon my house, may lawfully use and break into *the wall, if he has first paid me a -1 moiety of the cost of building it. Now, although no action will lie to recover this moiety, until the second house is actually begun, yet, if it is begun, and a breach made in the wall, before the payment, the builder is considered as a trespasser, notwithstanding half of the wall is raised upon his ground ; and in an action of trespass against him, he could not justify under this act. Or, perhaps, the plaintiff might waive the trespass and bring an action on the implied assumption, for money paid for the defendant’s use.
 

 The difficulty, indeed, of ascertaining how much the first builder is entitled to receive, until the second house is erected, has given rise to the usage that has been proved ; but this extends no further than to show, that the valuation of the party-wall is never made before the ■ second house is built, and often, not until several years afterwards. The usage, to this effect, may have a reasonable foundation ; but to reach the present case, the evidence of a usage, if at all admissible, ought to have shown, that, for a long series of years, the owner of the second house, however remote from the builder, was held liable to pay the moiety of the charge of the party-wall. This has not, I think, been satisfactorily done.
 

 The plaintiff then contends for his claim, upon another principle, that, as the defendant has the use and occupation of the wall, he ought to be proportionally liable for the cost of building it; and this would certainly be a strong argument, if a lien actually existed. But if the moiety of a party-wall is only a personal charge against the second builder, there is no more
 
 *363
 
 reason tliat a subsequent purchaser should be responsible for that, than for the payment of a brickmaker or mason. Considering it, therefore, as a lien, it will bind the estate like a mortgage or judgment; but, considering it as a personal charge, the plaintiff, upon an implied contract (as well as the tradesmen who-were employed, upon an express one) must resort to Waters for payment and satisfaction of his demand.
 

 This, therefore, brings it to the original question, whether, in this case, a lien exists or not ? And the Court are clearly of opinion, that it does not. Why, indeed, should the legislature have directed the payment to be made
 
 before
 
 the breach, if they meant that the second house should be for ever charged with the cost of the party-wall, whoever might be the owner? In almost every instance of a lien, there is some record by which it is announced to the public, and to which every man may have access. But here, it is a dormant transaction ; the claim is not known, when the sale takes place, so that the purchaser loses the opportunity of indemnifying himself; and even if it had been satisfied by the first builder, or the intermediate purchaser, that is a fact which it cannot be in the defendant’s power at this time to establish.
 

 Yerdict for the defendant,
 
 (a)
 

 (a)
 

 s. p. Hart Kucher, 5 S. & R. 1; where it was held, that if the value of the moiety of the party-wall he paid to the first builder, by the owner of the adjoining lot, the claim of the former is determined, and a purchaser from him, cannot afterwards recover the amount, when a second building is erected; although he has had no notice of such payment.
 
 [1]
 

 [1]
 

 And see Davids
 
 v.
 
 Harris, 9 Penn. St. 501; Todd
 
 v.
 
 Stokes, 10 Id. 155; Dannaker
 
 v.
 
 Riley, 14 Id. 436; White
 
 v.
 
 Snyder, 2 Miles 395. The law on this point has been altered by the act 10th April 1849 (P. L. 600); but that act has no retrospective operation. Dannaker
 
 v.
 
 Riley,
 
 ut supra;
 
 Bell
 
 v.
 
 Bronson, 17 Penn. St. 363. See Knight
 
 v.
 
 Beenken, 30 Id. 372, as to the effect of this statute.