The opinion of the Court was delivered by
Tilghman C. J.
The act of assembly, which was intended to promote the convenience of builders in general, forbids the erection of any party-wall, until the public regulators set out the foundation, and regulate the thickness of it, and directs that the foundation shall be laid equally upon the lands of the persons between whom the said party-wall is to be made, “ and the first builder, shall be reimbursed one moiety of the charge of such party-wall, or for so much thereof as the next builder shall have occasion to make use of, before such next builder shall any ways use or break into the said wall.” In the case before us, the law has been complied with. , A moiety of the cost of the party-wall, was paid to William Garrigues the first builder, long before any use of the wall was made by the defendant. The plaintiffs remain in the undisturbed possession of their own house. On what ground then do they rest their claim against the defendant? They seem to suppose, that, the right of the first builder, to a reimbursement of one half the expense of building the wall, was a kind of hereditament which could not pass without a conveyance recorded according to law. But it is not of the nature, of an hereditament. It was determined in the ease of Ingles v. Bringhurst, (1 Dall. 341,) to be a personal charge against the second builder, for which the first builder might support an action of assumpsit; but not to be a lien on the land; and that no action could be supported against the assignee of the second builder. The rights of both parties are founded on the act of assembly, and not upon any deed or conveyance. ' The first builder is authorised to place half the wall on his neighbour’s land; and his neighbour in return, may make use of the wall in erecting a building of his own, provided one half the cost be first paid. The first builder acquires no right to his neighbour’s soil, nor is it necessary, that he should execute any kind of release or conveyance, when he receives a reimbursement of one half the cost of the wall. It may be, and no doubt often is the case, that the wall is originally built at the equal cost of both parties ; in that case, no receipt or acknowledgment is necessary j it is enough if the second builder prove, that he was ori *4 ginally at one half of the expense. Our recording act, (passed 18th March, 1775,) directs all deeds to be recorded, which concern any lands, tenements, or hereditaments, or where-same may jn any manner be affected, in law or equity. gut it cannot be said, that the land of the defendant is affected in law or equity, by this party-wall, because, the decision of Ingles v. Bringhurst, has settled the law to the contrary. The land is not charged, and the first builder is confined to a personal remedy. There was nothing therefore, on which a conveyance from the first builder could operate. As to any equity in the plaintiffs’ case, arising from the circumstance of their ignorance of the payment made by Roberts to Garrigues, I think there is nothing in it, because the defendant sets up no claim to any part of the house purchased by the plaintiffs. He only rebuts the demand of the plaintiffs, of reimbursement of a sum of money expended by another person on land to which the plaintiffs neither have, nor ever pretended any title; for as to the cost of that moiety of the wall, which is on the plaintiffs’ own land, there is no pretence for any claim of reimbursement. I am of opinion, that the Court below were right in deciding, that the plaintiffs could not recover in this action, and therefore the judgment should be affirmed.
Judgment affirmed.