ALBANY,
January, 1821.

GIBBS
v.
BULL.

Motion for a new trial denied.

Gibbs and others *against* Bull.

THIS was an action on the case, brought against the defendant, late sheriff of the county of *Washington*, for not taking sufficient security, pursuant to the statute, in executing a plaint in replevin, in favour of *E. Rowley* against the plaintiffs. The declaration contained four counts, to the first, second, and fourth of which there were separate demurrers. The first count alleged, that the defendant, as sheriff, replevied certain goods in possession of the plaintiffs, and caused them to be delivered to *Eldridge Rowley*, the plaintiff in replevin, " without taking sufficient security to prosecute the said suit, or to return the said goods, if a return thereof should be adjudged ;" and that, contrary to his duty, he took a bond in his own name, as sheriff, &c. of one *C. R. Colden*, and one *Jacob Holmes*, in the penal sum of 4,000 dollars, " conditioned for the prosecuting the said plaint with effect, and for returning the said goods and chattels, if return thereof should be adjudged." The plaintiffs averred, that the amount of the bond was not equal to double the value of the goods ; nor was it sufficient to ensure the return of the goods, and for the prosecution of the suit to effect ; nor was the bond executed by the said *E. R.*, the plaintiff in replevin, himself. The plaintiffs further averred, that the sureties were not sufficient for prosecuting the

On a return of *elongata* to the writ of *retorno habendo*, in replevin, it is not necessary to issue a *scire facias* against the pledges, but the defendant, if insufficient pledges are taken, or no pledges at all, may have his action on the case against the sheriff. Where the declaration against the sheriff is under the eighth section of the statute, (1 N. R. L. 91. sess. 11. ch. 5.) which applies only to distresses for rent, the plaintiff cannot claim *damages*, beyond the value of the goods eloigned; for the security required by this section, is only for the prosecution of the suit, and for the return of the goods, &c. The declaration against the sheriff, must allege that a

writ of *retorno habendo* had been issued and *elongata* returned, or it is bad on demurrer. It must, also, pursue the words of the statute, and allege that the sheriff made deliverance, &c. without taking security, &c. " to prosecute the suit, and to return the same goods, &c. *if return there-of shall be adjudged.*" Under the *fourth* section of the statute, the sheriff may take such security as he pleases, in his own name, and at his own peril. Though this section does not provide that the sheriff shall assign the bond to the defendant in replevin, *it seems* that the court would compel an assignment of it, for the benefit of the defendant.

suit with effect, nor for returning the goods, if a return thereof should be adjudged. That a judgment was rendered in the suit for the plaintiffs, the defendants in replevin, for a return of the goods, and, also, for damages and costs, to the amount of 2,730 dollars and 96 cents. That a writ of *retorno habendo*, and a *ca. sa.* for the damages and costs, were issued to the *coroner*, (*Gibbs*, one of the plaintiffs, then being sheriff,) who had returned to the *ca. sa., non est inventus*, and *elongata* on the writ *de retorno habendo.*

The *third* count set out the same proceedings in the action of replevin, to the judgment thereon for a return of the goods, and costs, as in the first count, and alleged, that the defendant, as sheriff, had not taken sufficient security to prosecute the suit, or to return the goods, &c. but it did not aver, that a writ of *retorno habendo* had been issued, and *elongata* returned.

In the *fourth* count, the plaintiff alleged, that the sheriff made deliverance on the plaint in replevin, " without taking any pledge or security to the plaintiffs, for the return of the said goods," &c. omitting the words in the statute, " if return thereof should be adjudged."

*Burr*, in support of the demurrers, contended, that there was a distinction between the *fourth* and *eighth* sections of the statute relative to replevins. (1 *N. R. L.* 91. sess. 11. ch. 5.)

The 8th section, which relates to a replevin of a *distress for rents*, and is copied from 11 *Geo.* II. c. 19. s. 23., directs the sheriff to take " in his own name, from the plaintiff and two sureties, a bond in double the value," &c. The fourth section, which is taken from the statute of *Westm.* 2. c. 2. (13 *Edw.* I. c. 2. s. 3.) requires the sheriff " to take of the plaintiff sufficient security to prosecute the suit, and to return the same beasts, goods or chattels, if return thereof shall be adjudged," &c. As the sheriff is answerable, by this section, for the sufficiency of the pledges, the sheriff may take such security as he pleases. (*Gilb. on Replevins*, 97, 3d ed. 1 *Lord Raym.* 278. 1 *Saund.* 295. c. note 3. 295. e.) Insufficient pledges are no pledges, within the statute, *Westm.* 2. c. 2. (16 *Vin. Abr.* 399, 400. *Pledges,*

H. pl. 1. pl. 4, 5.   *Rous* v. *Paterson*, 19 *Vin. Abr.* 19.   *Re-* ALBANY,
*plevin*, Y. pl. 2.)   And where the sheriff takes insufficient January, 1821.
pledges, *de retorno habendo*, a return is awarded, and the       ⎵‿⎴
sheriff returns *elongata*, on which a *scire faeias* formerly is-   GIBBS
sued against the *pledges*, to which the sheriff returned *nihil*,      v.
and then a *scire facias* issued against the sheriff himself, that    BULL.
he render to the defendant as many cattle, &c.   Though
the practice is now altered, so that no *capias ad withernam*,
or *scire facias*, is issued, and an action on the case is brought
against the sheriff, for taking no pledges at all, or insuffi-
cient pledges, yet an *elongata* must be returned before
there can be any proceedings against the sheriff. (1 *Saund.*
195. a. 195. b. note.)

Again; the writ *de retorno habendo* was directed to the
*coroner*, instead of the sheriff.

*Foot*, contra.   The counts in this case are under the
*fourth* section of the act, which prescribes no mode of
taking the security.   The *eighth* section prescribes a bond,
&c. and makes it assignable; but, under the fourth section,
there is no such provision, and the party has no remedy,
but by proceeding against the sheriff.   It is true, that the
sheriff, under this section, may take what security he pleases,
but he is bound, at his peril, to see that it is sufficient, and
effectual.   He should return the *pledges* against whom a
*scire facias* lies.   (2 *Shower*, 421. 485.   3 *Mod.* 56.   *Cro.
Car.* 446.)   An action on the case lies against the sheriff
for taking insufficient security, and he is responsible for their
sufficiency to the end of the suit.   (1 *Dallas. Rep.* 349.
13 *Mass. Rep.* 180.   11 *Mass. Rep.* 189.   2 *Mass. Rep.*
517.)

As the *third* count contains no allegation that the sheriff
took a bond; but simply, that he did not take sufficient se-
curity, it is clear of all objections.   As to the damages, a
count for the damage may be joined with the count in tres-
pass or case.   (2 *Chitty's Pl.* 296. n. e. f.   *Lutwy.* 1259.)

PLATT, J. delivered the opinion of the Court.   The objec-
tions taken on the demurrer to the first count, are, 1.  That
the facts averred by the plaintiffs, show no neglect of duty

in the defendant, as sheriff; and that the bond set out in the count was taken conformably to the statute. 2. That the statute requires the sheriff to take sufficient security to prosecute the suit, &c. *and* to return the goods, " if a return thereof should be adjudged ;" whereas, the count charges the defendant for neglect of duty, in not taking sufficient security to prosecute, &c. " *with effect*," " *or* to return the goods," &c. 3. That the count is defective in stating, that the *retorno habendo*, and *ca. sa.*, were directed to, and returned by, the *coroner*, instead of the *sheriff*.

By the fourth section of the statute, (1 *N. R. L.* 92.) it is provided, that " the sheriff, before he makes deliverance of any beasts, goods or chattels, by virtue of any writ or plaint in replevin, shall take of the plaintiff sufficient security to prosecute the suit, and to return the same beasts, goods, or chattels, if return thereof shall be adjudged ; and if any sheriff shall take security otherwise, or neglect to take such security, he shall answer for the price, or value of the beasts, goods and chattels," &c. This section is a transcript of 13 *Edw.* I. ch. 2. s. 3. By the eighth section of our statute, (1 *N. R. L.* 93.) it is provided, " that in every replevin of a *distress for rent*, the sheriff shall take, in his own name, from the plaintiff, and two sureties, a bond in double the value of the beasts, goods, or chattels distrained, conditioned, for prosecuting the suit with effect, and without delay, and for returning the beasts," &c. ; and such bond is made assignable to the defendant in replevin, &c. This latter section is copied from the 17 *Car.* II. ch. 7. and 11 *Geo.* II. ch. 19. It is very evident, that the declaration in this case was framed with a reference to the *eighth section*, and not with a view to the fourth section. The count avers, that the goods were seized by these plaintiffs, under authority of an act of Congress. And the eighth section of the statute is applicable only to a replevin of a *distress for rent*. The question, then, is, whether the plaintiff has shown a right to recover under the provision of the fourth section? It seems to be a settled construction, that under the fourth section the sheriff may take such security as he pleases, in his own name, and at his own peril. (*Gilb. Repl.* 75. 1 *Saund.* 195. and notes. 2 *Mass. Rep.* 517.) The sta-

OF THE STATE OF NEW-YORK.

tute makes no provision, requiring the sheriff to assign the bond, so that the defendant in replevin might sue it in his own name ; but, I presume, that if such defendant chooses to avail himself of the bond, this Court would compel an assignment *by its own officer*, for the benefit of the injured defendant, and protect his rights, although suing in the sheriff's name. The ancient mode of proceeding was, after an *elongata* returned on the *retorno habendo*, to issue a *scire facias* against the sureties ; and if that were not effectual, to issue a *scire facias* against the sheriff, to respond for the value of the goods. But, the modern practice is, after *elongata* returned, to bring a special action on the case against the sheriff, where he has omitted to take sufficient security. It is important to remark, that the statute does not require security for *damages or costs ;* but merely to *prosecute, and to return the goods, if,* &c. It appears, therefore, that the first count makes a fatal admission against the plaintiffs, in stating, that the sheriff did take a bond of two sureties in 4,000 dollars, conditioned for prosecuting the plaint, and for returning the goods, &c. Such bond was according to the statute ; and the averment, that the sureties were insufficient to ensure a prosecution of the suit " *to effect,* and for a return of the goods," if true, gives no right of action against the sheriff; because, the sureties contemplated by the statute, are not responsible for *any damages* beyond the value of the goods replevied.

The damages in this case, over and above the value of the goods, were assessed at 2,730 dollars and 96 cents. Now, for that sum, these plaintiffs are left to seek satisfaction from *Rowley,* the plaintiff in replevin, and, for aught that is alleged in the count, the sureties taken by the sheriff are ample for the mere value of the goods which are eloigned. I see nothing in the statute that requires the *plaintiff in replevin* to execute the bond. Besides, I think it a defect in the count, that it alleges, that the sheriff did not take security to prosecute the suit, *or* to return the goods, &c. The security prescribed by the statute, is to prosecute, *and* to return, &c. and the sheriff is expressly forbidden to " take security *otherwise*." For these reasons, the defend-

ant is entitled to judgment on the demurrer to the first count. There is nothing in the objection, that the *retorno habendo* was directed to the *coroner*; because, it appears, that pending the *replevin* suit, *Gibbs*, one of the plaintiffs, was appointed sheriff, instead of *Bull*; and, therefore, as the sheriff for the time being, was a party to the suit, the process was properly and necessarily directed to the coroner.

The third count sets out the same proceedings in the replevin suit, up to the judgment therein for a return of the goods, and for damages and costs, as in the first count; and charges the defendant, as sheriff, with not having taken sufficient security to prosecute the suit, *or* to return the goods, &c. But the third count is grossly defective, inasmuch as it omits entirely the essential averment, that a *retorno habendo* had been issued, and *elongata* returned. Such a return is indispensable, in order to charge the sheriff in any form; for *non constat*, but that the defendants in *replevin* might have had a return of the goods; and if so, the sheriff is not liable, even though he took no security. (1 *Saund.* 195. and notes. 18 *Vin. Abr.* 399. *Kindle* v. *Blades*, 5 *Taunt.* 227.) The defendant is, therefore, entitled to judgment on the demurrer to the third count.

The fourth count alleges as the *gravamen*, that the sheriff made deliverance on the plaint in *replevin*, "*without taking any pledge or security to the said plaintiffs for the return of the said goods*," &c. without adding in the words of the statute, "*if return thereof should be adjudged.*" This averment is defective, and shows no cause of action; because it does not pursue the requisition of the statute. The sheriff may have done his duty, pursuant to the statute, in taking "*sufficient security* (in his own name) *to prosecute the suit, and to return the goods, &c. if return thereof shall be adjudged;*" and yet, every word in this count may be true. This count is, also, liable to the same fatal objection as the third count, in omitting to aver, that a *retorno habendo* was issued, and returned *elongata*. It merely states the judgment in favour of the defendants in *replevin*; and for aught that appears, they may have their goods, whenever they please to issue their execution for that purpose.

The defendant is, accordingly, entitled to judgment on the demurrer to the fourth count also.

Judgment for the defendant accordingly.