The opinion of the court was delivered by
Duncan, J.
The late Chief Justice Shxppen, has been properly styled the father of the law of replevin in this state. While President of the Court of Common Pleas, he established certain principles, in conducting the action, and on the responsibility of a sheriff who executes them, thirty-seven years ago, which have prevailed ever since. Indeed, it became necessary, from the structure of our courts of justice, to adopt other rules for the government of this action, than obtained in England. In Weaver v. Lawrence, decided in 1788, 1 Dall. 156, he clearly shdws, that there can exist no replevin in Pennsylvania, either under the statute of Marlbridge, or at the common law. The writ and the action rest on the provisions of the act of 1705, 1 Smith, 44. And again, in Hocker v. Stricker, 1 Dall. 225, it was held, that before goods be remanded, the sheriff ought to allow the defendant in re-plevin a reasonable time to find security. On a claim of property, this practice supplies the writ de proprietate probanda, which does not lie here. Our replevin differs from the writ'and action of replevin in England in another important respect: — here it lies where a man claims goods in the possession of another; there it is said only to lie in cases of distress, or where there has been a taking of goods out of the possession of him who sues it forth. In Oxley v. Cowperthwaite, 1 Dall. 349, the principle now controverted by the plaintiff in error, was decided, that the sufficiency of the sureties, at the termination of the action, was the criterion. The mind of that just judge was impressed with the hardship of the rule, and that in this instance the policy of the law bore hard on the officer: yet that would not justify the court in departing from the established principle, that the sheriff takes the pledge in his own name and at his own peril and risk. This certainly was taken to be the law of England, when Oxley's case was determined, Gilb. Rep. 76. 16 Vin. 399, pl. 4. Stat. 12 G. 2. Rowan v. Patterson, 2 Inst. 339. Until a late period in England, the allegation *26 in the declaration was general, that the sheriff did replevy and deliver the goods to the plaintiff, without taking sufficient sureties, not alleging that they were insufficient at the time they were taken. Lill. 37. Browne, 25, 26. But the latter precedents state, that at the time of their becoming pledges, they were insufficient and totally irresponsible. In New York the courts adhere to the ancient law, that the sheriff may be sued without any previous proceedings against the pledges, as the security is taken by the sheriff for his own indemnity, in his own name and at his own peril. Gibbs v. Bull, 18 Johns. 438. If I were to be guided by my own sense of justice, without regard to authority, I must own that it would seem to me, that commutative justice would require a different criterion; for as the sheriff would be liable to an action of trespass for removing the goods and delivering them to the plaintiff, when the defendant offers sufficient pledges on the claim of property, and could not justify under the replevin; and that, as the criterion there would be the sufficiency at the time, so it ought to be where he delivers up the goods to the plaintiff in replevin. Their apparent responsibility at the time when he accepted them, would have been the justest rule at first. The sheriff does all he can to make diligent inquiry: he ought not to be bound to know what nobody else knows; and if the rest of the world would trust the security, it appears but reasonable that it should be a sufficient justification to the sheriff, if he consider him as a responsible person; for .the presumption is; that the sheriff would be liable if he took, as security, a man who apparently had the strongest foundation, whose circumstances were not suspected by any one, yet if it turned out differently in a lapse of years, before the cause was tried, that he should fail; is throwing an unusual burden on the sheriff. But with all this impression of the hardship, the court thirty-eight years ago adhered to the ancient law, which no supposed hardship would justify a departure from. The decision of Oxley v. Cowperthwaite, has ever since been received as the law of the land. The court there said, it was for the legislature to make some provision for an inquiry into the sufficiency of the bail at an earlier stage of the cause. The legislature has not thought proper to change the law: sheriffs have accepted their office with the knowledge of this onerous duty; it would be a bold assumption of power in this court now to relieve them from it upon any speculative opinions of their own. However hard it may be in this particular instance, the court cannot unbind those whom the law has bound. The security is to the sheriff at his own peril, in his own name, and for his own indemnity: he may take the security as it pleases him, (Gilb. Rep. 79,) for .he continues responsible to the value of the goods. The judgment is therefore to be affirmed.
Judgment affirmed.

See 1 Serg. & Limb. Ab. 86, Hindle v. Blades, 5 Taunt. 225.