7w421
142 320

# Neville *against* Williams.

Upon a *scire facias quare executio non* upon a judgment with a condition annexed to it to save harmless and indemnify the plaintiff, the plea of *non damnificatus* is sufficient ; but when the condition is to discharge or acquit the plaintiff from liability, it is not sufficient. In the latter case the defendant must set forth affirmatively the special manner of performance, and show that the plaintiff has been acquitted of his liability and in what way it has been effected.

ERROR to the common pleas of *Alleghany* county.

Morgan Neville against the executors of George Williams deceased.

This was a *scire facias quare executio non.* The defendant withdrew his former pleas and prayed *oyer* as follows :

" And the said George Williams, the defendant above mentioned, comes and craves *oyer* of the condition of the original judgment, which is granted unto him as follows, to wit :

" Whereas George Williams has this day authorized the prothonotary of the court of common pleas of Alleghany county to enter judgment in my favour for 450 dollars. Now this is to declare that

VII.—2 L*

[Neville v. Williams.]

the said judgment is to secure me from any liability to loss or damage by reason of a replevin bond taken by me in the case of George Williams, Senior v. Alexander M'Clintock and John Smith.    I hereby covenant that in case the said George Williams saves me harmless from all loss or damage by reason of said *replevin* bond, then the said judgment shall become null and void to all intents and purposes whatsoever.    Witness my hand and seal, this 6th of August 1822.

"Test, John Hopkins.                    M. NEVILLE,    [L. S.].

"And which being read and heard, the said George Williams saith that the said plaintiff ought not to have or maintain his said action against him, because he says that the said plaintiff in the said judgment, and the condition thereof mentioned, from the day of the date thereof to the day of the impetration of this writ of *scire facias* and since, was not damnified by reason of any thing in the condition of the said judgment mentioned, and this he is ready to verify. Without this, that there was any such replevin bond ever given as that specified in the *oyer* of the said condition.    Wherefore he prays judgment if the said plaintiff ought further to have or maintain his said writ of *scire facias* against him, &c."

To which the following demurrer was filed:

"And the said Morgan Neville saith that the said plea of the said George Williams and the matters therein contained in manner and form as the same are above pleaded and set forth are not sufficient in law to bar or preclude him the said Morgan Neville from having or maintaining his aforesaid action thereof against him the said George Williams, and that he the said Morgan Neville is not bound by the law of the land to answer the same, and this he the said Morgan Neville is ready to verify; and the said Morgan Neville, according to the form of the statute in such case made and provided, states and shows to the court here the causes of demurrer to the said plea of him the said George Williams by him pleaded; that is to say, that the said George Williams has not averred or alleged that he did secure the said Morgan Neville from any liability to loss or damage by reason of the replevin bond recited, mentioned or referred to in the plea of the said George Williams, as stated and referred to in the alleged condition of the original judgment; nor has the said George Williams alleged or averred that he saved the said Morgan Neville harmless from all loss or damage by reason of the said replevin bond; nor hath he pleaded or set forth the manner in which he saved him harmless; and also that the said plea is in other respects uncertain, informal and insufficient; and therefore he prays judgment, and that he may have execution of his debt aforesaid, together with his damages by him sustained on occasion of the detention thereof to be adjudged to him."

The court rendered judgment for defendant on the demurrer.

[Neville v. Williams.]

*A. W. Foster,* for plaintiff in error.

The instrument of writing cited by defendant, and stated by him to be an *oyer* craved of the condition of the original judgment, is written on a detached paper and filed on the 15th of June 1835, almost three years after the judgment was entered. It is no part of the record. It is no condition to the judgment, but rests in covenant. (The craving of *oyer* and setting out of the alleged condition is the sole act of the defendant, all the entries of which are made by the defendant's attorney.) It states the judgment is to secure the plaintiff from any *liability* to loss or damage by reason of a replevin bond taken by the plaintiff, &c."

The plaintiff also, in said instrument, " covenants that in case the defendant saves him harmless from all loss or damage by reason of said replevin bond, the said judgment shall become null and void to all intents and purposes whatsoever."

This instrument is signed and sealed by the plaintiff on the same day the defendant authorized the prothonotary to enter judgment against him, and probably at the same time.

Its true technical style is a *defeasance,* and should be *pleaded* by defendant; but *oyer* cannot be demanded of it by him, as it is in his possession. " A defeasance on a bond, or a recognizance, or a judgment recovered, is a condition which, *when performed,* defeats it." A defeasance differs from the common condition of a bond in being a separate deed, whereas a common condition is inserted in the bond itself.

Has then the defendant secured the plaintiff from any liability to loss or damage by reason of said replevin bond? He has not made that allegation in his plea; he merely pleads that the plaintiff was not damnified by any thing in the condition of the said judgment mentioned: this omission that he had not averred that he did secure the said plaintiff from *liability* to loss or damage by reason of said replevin bond, nor alleged or averred that he saved him harmless by reason of the same, nor set forth the manner in which he saved him harmless, are assigned as the causes of special demurrer.

It is admitted by the plaintiff, that to a bond, the condition of which is to save harmless and indemnify, *non damnificatus* is a good plea; and if there be any damage, the plaintiff must reply to it (1 *Saunders* 116, 117, *n.* 1, *latter part of note*): "this plea however cannot be pleaded, where the condition is to discharge or acquit the plaintiff from such a bond or other particular thing, for there the defendant must set forth affirmatively the special matter of performance" (see immediately subsequent in same note, and authorities there cited).

In this case, however, a cause of action has been confessed, and judgment thereupon rendered; it has passed *in rem judicatam;* and the only question that can arise, is the *quantum* of damages. If the defendant's plea be a good plea in bar, the plaintiff would not be entitled to recover even the costs of the first judgment; as on the trial of the issue the verdict would have to be rendered for defendant.

[Neville v. Williams.]

This question would have properly arisen under a plea of "payment with leave to give the special matter in evidence," which is the only plea that could have been properly pleaded, unless a special plea, setting forth the whole matter, and in what manner the defendant had secured the plaintiff from any liability to loss or damage by reason of said replevin bond, which is stated to have been the very object of giving the judgment; or to have set forth that the plaintiff, from the day of the date thereof to the day of the impetration of the writ, was not liable to any loss or damage by reason of said replevin bond, &c.

The defendant even to a bond without condition on its face, or having any reference to a covenant of the plaintiff, could not crave *oyer* of such an instrument always in his own possession or supposed to be, and then convert it into a condition by his plea, although he might give it in evidence under our act of assembly.

The whole of this alleged condition is to be taken together in its construction; and it is most manifest that it was intended that the sheriff should be saved from all liability to an action against him by the defendants in the replevin; and it was not the intention of the parties that his hands should be tied up until the defendant should obtain a verdict, have judgment *de retorno habendo*, a writ be thereupon issued, and a return of "*elongatur*" by the sheriff, and thereupon a suit instituted, a recovery had against him, and the money paid, or exacted by execution.

The fact is, in the said replevin, George Williams *v.* John Smith and Alexander M'Clintock, an award was made of February 1, 1821 for defendants for 354 dollars 64 cents with costs of suit, from which the plaintiff by his agent the now defendant appealed, in which said appeal the said defendant was one of the bail of the plaintiff. The plea of *non cepit* and no rent in arrear was put in, and the defendants avowed and made cognizance for rent in arrear, to which a replication was made of no rent in arrear, &c.; the same was tried by jury, and verdict for defendants for 383 dollars 30 cents with costs of suit, and judgment thereupon rendered that he have return of the goods *irreplevisable*. A writ *de retorno habendo* was thereupon issued, and returned by the sheriff "*eloigned.*" If this does not appear on the record, it is the fault of the defendant's plea; under a proper plea it could have been given in evidence by the plaintiff.

In consequence of the omission of the defendant to secure the plaintiff in this action from his liability to Alexander M'Clintock, the landlord and one of the defendants in the replevin who were about to bring suit against him, he assigned his interest to said M'Clintock; and M'Clintock on the 10th of March 1821 assigned his interest in the replevin suit to Samuel Black, his landlord of the same premises, to whom he was indebted for rent therefor, during the occupancy of his under lessee, son of the present defendant, and plaintiff in the replevin.

[Neville v. Williams.] ·

The question now is, when did the liability of Morgan Neville, the plaintiff in this action, commence. This, it is contended by the plaintiff, commenced immediately after the taking and delivering the property which had been detained for rent. It is another question, when the plaintiff can sue on the replevin bond. Of course he cannot until the condition is broken. It may be said that section eleven of the act of 21st of March 1772, *Stroud's Purdon* 872, directs a sheriff to take replevin bonds from the plaintiff in every replevin for a distress for rent, and to take a responsible person as surety, &c., conditioned for prosecuting the suit with effect, &c., and for duly returning the goods, &c., and the sheriff, at the *request* and costs of the avowant, shall assign to him the said bond, &c.; and it is only on the sureties being insufficient, or becoming so, on the failure to return the property, on the final determination of the suit, that the plaintiff is liable.

It is remarkable, however, that the words of the statute, 4 Anne, c. 16, s. 20, *Rob. Dig.* 47, for the assignment of bail bonds is precisely in the same words; and by statute of 23 H. 6, c. 9, *Rob. Dig.* 83, the sheriff is equally bound to take a bail bond from a person arrested as to take a replevin bond from a plaintiff in a replevin. The sheriff, it is true, is bound to assign the replevin bond as well as the bail bond, on request; but it is only on request: and the plaintiff in a suit, where a *capias ad respondendum* has issued, has never been held bound to take such an assignment; and the sheriff cannot return to such writ "bail bond taken;" but his return is "*cepi corpus* and bail bond;" and the plaintiff, notwithstanding the entire solvency of the bail, may rule the sheriff, at the return of the writ, to bring in the body.

It may be further said that the only decisions in Pennsylvania have been, that the sheriff is responsible, not only that the sureties should be good at the time they were taken (Murdock *v.* Will, 1 *Dallas* 341; Oxley *v.* Coperthwaite, 1 *Dallas* 349), but that they should continue good until the event of the replevin suit, and until the defendant was fully satisfied and paid the amount of his recovery for his rent in arrear. It is true that no decision may have been made on the subject; for it may be that in most cases the bail may have been good, and the defendant in the replevin may have elected or been induced to take an assignment of the replevin bond, and have proceeded on it where the amount of the verdict was not paid, or the goods returned: this, however, by no means settles the rights of the plaintiff, or ascertains exactly the responsibility of the sheriff in the two cases already referred to; it is evident that the replevin bond had not been assigned, otherwise the sheriff would have been discharged from his liability. In the present case, in point of fact, it was not assigned, nor is it alleged or pretended in the pleadings that such an assignment was made as would have secured the plaintiff from his liability on account of said replevin bond; and the opinion of Judge Shippen in the latter case is predicated on the idea,

[Neville v. Williams.]

and can be only justified by the assumption of the *original* and *continued* obligation of the sheriff, and that the bond is taken for his own security and not for the security of the plaintiff. He states that the bail bond differs in one respect from the replevin bond, that it may be speedily inquired into ; this is certainly beneficial to the sheriff, but it has no effect in discharging him from his responsibility on the latter bond to the defendant in the replevin, nor is such a hint or intimation given by the court.

In 14 *Serg. & Rawle* 25, Judge Duncan says, the sheriff takes the replevin bond at his own peril and risk ; and in p. 26 he states, with apparent approbation, that in New York the courts adhere to the ancient law that the sheriff may be sued without any previous proceedings against the pledges, "as the security is taken by the sheriff as his own indemnity, in his own name and at his own peril." This is exactly what I contend for.

The subsequent reasoning of Judge Duncan would be conclusive as to the hardship of the case and the unreasonableness of the decision, and of course the illegality of the decision, if it was not for the position he had previously laid down, that the security was taken for his own indemnity, in his own name and at his own peril.

In 12 *Wendell's New York Reports* 302 ; 7 *American Common Law* 572, 573, a sheriff brought an action on a replevin bond. Decided that a release executed by a defendant in a replevin suit was no bar. The sheriff stood presently liable to the defendant, and this bond was the means of his indemnity, and was under his control ; and he had a right at any time to prosecute and obtain a judgment upon it for greater caution.

The first question in the defendant's argument is, whether or not the plea is good : this has been already answered in the observations already made. It has been admitted that to a bond with a condition to indemnify and save harmless the plea of *non damnificatus* is good : it is also admitted that where a bond consists of several particular things to be performed by the obligor, he cannot plead a general performance, but must set forth particularly in his plea how he performed each particular thing, &c. ; but where a subject comprehends a multiplicity of matters, generality of pleading is allowed, and the other party shall be put to show a particular breach. 1 *Saund.* 116, *note* 1.

As to the conclusion of the note to *Story*, referred to by defendant's counsel, in which he states the general plea of performance would have been bad and the plea of *non damnificatus* the right one, this will depend on the nature of the covenant : if to do a particular act, the defendant may plead performance specially, stating how he did perform ; and by the practice of Pennsylvania may add, with leave to give the special matters in evidence. Bender *v.* Fromberger, 4 *Dall.* 439. The plea of performance however, alone, is a good plea in England, in a proper case; 6 *Comyn's Dig.* 362 ; but if the words " with leave, &c." were added, it would not (in England), of course,

[Neville v. Williams.]

give the privilege of giving any thing in evidence, unless a direct performance, without it was specially pleaded. On the subject of plea of performance, see 1 *Saund.* 116, 117, *in note,* already referred to : by the same note it appears that conditions to indemnify and save harmless are not within this rule ; and to them *non damnificatus* is the proper plea; and the plaintiff must reply and assign a breach. But this plea cannot be pleaded where the condition is to discharge or acquit the plaintiff from such a bond or other particular thing, for there the defendant must set forth affirmatively the special manner of performance. *Quære,* then, can it discharge a judgment which is given to secure a party, not from damages only, but from any liability to loss or damage, as is this case, and not merely to acquit him from any actual damage. Without contesting the correctness of the rules of pleading laid down in the argument of the defendant's counsel in the second point made by him, it is only their application to this case that is denied. The defendant contends that the plaintiff's pleadings under the rule laid down in Longstreth and Cook *v.* Gray are defective ; the *scire facias* should have set out the condition of the judgment, and assign a breach or breaches of it : in answer to which it may be observed that this judgment has no condition to it ; the alleged condition is in a separate instrument of writing in the defendant's possession and which he afterwards files in court, and is no part of the judgment. Even in case of debt on bond with a condition, the plaintiff may declare generally ; and it is the defendant's part to show the condition, which goes by way of defeasance; and if he crave *oyer* and demur, the plaintiff shall have judgment. 5 *Bacon's Ab.* 170. So in debt on bond for the performance of covenants, see same book and page and marginal notes.

The case of Longstreth and Cook *v.* Gray, already referred to, decides that where a judgment is obtained on a bond for a debt due by instalments, in an action depending in court for subsequent instalments not due at the time suit was brought, the plaintiff cannot issue execution for such subsequent instalments after they become due, but is put to his *scire facias,* under the statute 9 W. 3. But it is expressly decided in that case that a judgment entered by warrant of attorney, not being a cause depending in court (and a judgment entered by confession by the prothonotary is in a precisely similar situation), is not within that statute. As to the difference suggested, that the rule stated by the chief justice applies only to cases for specific liquidated sums of money, it does not prove that where the sums are not liquidated such cases are within the statute of William ; the judgments not being entered in a cause depending in court they therefore remain as at common law. The judgment is entered for the whole amount without any stay or condition on the face of the judgment. Equity would no doubt give proper relief on application ; and the courts of law in Pennsylvania, by virtue of their equity powers, would no doubt, in a proper case, in a sound discretion do the same thing ; or, on the payment of what appeared justly due,

[Neville v. Williams.]

would stay all further proceedings ; and, in the present case, if the defendant had pleaded "payment with leave," the court would have instructed the jury to have found for the plaintiff only the amount in the replevin case, with interest and costs of the replevin suit ; this being the sum for which the plaintiff was liable, and from which liability to loss or damage the defendant had failed to secure him.

As to the case of Breed v. Earle *et al.*, where judgment is said to have been entered on a bond with warrant of attorney, the facts of the case are not fully stated ; it was said to be a condition for an indemnity about a title : being unacquainted with the circumstances, it can only be observed that there can be no doubt that a plaintiff on his *scire facias* on a judgment may suggest breaches, as well as in an action of debt on a bond for the payment of money or performance of covenants, or he may issue for the whole amount of the judgment ; and the defendant, on craving *oyer*, may put in the proper plea, and the plaintiff may then assign a breach.   See 5 *Bacon*, already quoted.   Two subsequent cases ; the one Adams v. Bush, 5 *Watts* 289 : the case there was as to the regularity or irregularity of entering sundry judgments on one warrant of attorney, which was the only question directly before the court.   It is stated by Judge Huston that no execution could issue thereon until, on a *scire facias* and trial, a jury had found that the plaintiff had fulfilled his part and the defendant had not performed his, and found the amount of damage accrued to the plaintiff on that account.   Such is the very case in the present instance : it does not state how the breaches should be assigned, or what the pleadings should have been, so as to have presented the case fairly before the jury, much less that they should have been assigned in the *scire facias*; and if not so assigned, and the defendant had craved *oyer* of the bond and of the condition which was a part of the bond, and the defendant thereupon had put in a bad plea, to which plaintiff had demurred, that he should not have had judgment on the demurrer ; in which case, being a cause depending in court, a writ of inquiry must have gone, agreeably to the statute of 9th W. 3, which is exactly the present case: and it is only now contended that if judgment be rendered for the plaintiff on the demurrer, he will be put to his writ of inquiry under the provisions of the same statute.   In the present case, however, the liability to loss and damage being ascertained as to the amount by the verdict on the replevin, a writ of inquiry would therefore be nugatory and useless.   See 5 *Rawle* 280, where execution issued on an indemnifying bond without objection, and even the money awarded to the plaintiff in that execution in preference to another execution.   The other case, Duffy v. Lytle, 5 *Watts* 120, is clear law, and the practice for which I successfully contended in the case of Longstreth and Cook v. Gray, but has no bearing on the present case.

If judgment be rendered for the plaintiff on the writ of inquiry that may be awarded, if indeed such writ be necessary, it will be

[Neville v. Williams.]

contended, on the authority of Miller *v.* Harvey, 3 *Penns. Rep.* 374, that the plaintiff is entitled to recover the amount of the verdict, &c. as before stated, in the replevin suit, and that this judgment was the very means put in his hands for that purpose, as well also as by the general principles of law and equity.

*M'Candless,* for defendant in error.

To the plea of *non damnificatus* in this case the plaintiff has demurred, and assigned his causes of demurrer.

Two questions therefore present themselves for the consideration of the court.

First, is the plea good?

Secondly, if it is not good, who has committed the first fault in the pleadings in the case?

First, is the plea good? In drawing it, the pleader pursued the form set forth in *Story on Pleadings* 207; noted as the same form to be found in an old book called *Herne, p.* 302; referring also to 2 *Lilly's Entries* 494. So far as to the form. Is it good in substance?

The condition of the judgment is to secure the said Morgan Neville from any liability to loss or damage, by reason of a replevin bond; which is to save him harmless—harmless from all loss or damage. What are these but conditions to *indemnify, to save harmless;* and in all such cases it is decided this is the proper plea. And if there be any damage, the plaintiff must reply to it. In Holland *v.* Malkin, 2 *Wilson* 126, the court said, the only proper plea to a bond of indemnity is *non damnificatus,* or by plaintiff's own fault. This is said to be the proper plea in all cases of conditions to indemnify and save harmless, &c. See note to *Story's Pleadings* 297, and cases there collected, viz. *Cro. Jac.* 363, 364; also the case of Cox *v.* Joseph, *Durnford & East* 309, 310. But it may be said that here it is part of the condition to secure the plaintiff from all liability on account of such a particular bond. Be it so. *Carthew* 375, and 1 *Saund. Rep.* 117, *note* 1, settle that a condition of that kind is the same as one to indemnify and save harmless; and that therefore the plea of *non damnificatus* is good. And in the conclusion of the note to *Story* it is laid down, the general plea of performance would have been bad, that the plea of *non damnificatus* was the right one. *Vide* the cases there referred to. Has the plaintiff a right to recover until he shows that he has sustained some loss or damage? If he has sustained none, what right has he to call on defendant to secure him against that which he has not suffered?

It is submitted therefore that the plea is good, and that judgment should be for the defendant on the demurrer.

Secondly, in *Gould on Pleadings, p.* 474, *sect.* 36, the rule is laid down, that a demurrer reaches back through the whole pleadings, and attaches itself to the first substantial defect in the pleadings, on which ever side it may have occurred. See also *sect.* 37; also 1 *Saund. Rep.* 285, *note* 5, where the point is fully laid down. It is

VII.—2 M

contended then, on the part of the defendant, that the plaintiff's plead-
ings under the rule laid down in Longstreth and Cook *v.* Gray, 1
*Watts* 60, are defective.   His *scire facias* should have set out the
condition of the judgment, and assigned a breach or breaches of it;
otherwise, how is the defendant to know what he is called on to an-
swer?  If Neville had sustained loss or damage, he should have put
it on the record.   It may be said by plaintiff, that that case does not
apply to judgments on warrant of attorney.   I admit that it does not
when these judgments are for specific liquidated sums of money; and
a reference to the cases from *Taunton's Reports,* cited by the chief
justice in that case, shows they were all judgments for the payment
of specific instalments of money.   In a case in our court of common
pleas, Breed *v.* Earle *et al.,* a judgment bond with warrant of attor-
ney was entered up by Mr Bradford for plaintiff, who issued a *scire
facias* suggesting breaches, inasmuch as the condition was for an
indemnity about a title; and the cause was tried, and recovery for
plaintiff.   I refer with pleasure to that gentleman's understanding
of the practice as applicable to the present case.   In two subsequent
cases in our supreme court, Adams *v.* Bush, 5 *Watts* 289, and same
book, Duffy *v.* Lytle, *p.* 120, the principle contended for is fully
established by the court.   On this, as well the other point of the case,
the defendant is entitled to judgment.

The opinion of the Court was delivered by                            ˙

KENNEDY, J.—The judgment upon which the writ of *scire facias
quare executio non* was issued here, has been treated and considered
by the counsel for the defendant as conditional, and like to a bond
given in a specific sum of money conditioned for saving the obligee
*harmless* and keeping him *indemnified* from loss or damage.   The
judgment however, as it appears on the record, is absolute and un-
conditional.   But the instrument given by the plaintiff to the defen-
dant, bearing even date with the judgment and referring to it, may
be considered in the nature of a defeasance to it; though still, taking
it altogether and as explanatory of the object and design of the judg-
ment, it is obvious that it was intended not merely to save the plain-
tiff "harmless from all loss or damage by reason of the replevin bond"
therein mentioned, but likewise "to secure him from any *liability to
loss or damage*" by reason of the plaintiff's having, as sheriff, executed
the writ of replevin, wherein George Williams, Jun., the son of the
defendant here, as it is alleged, was the plaintiff against John Smith
and Alexander M'Clintock, named therein as defendants.   By the
eleventh section of the act of 1772, authorising the sale of goods dis-
trained for rent, &c., the sheriff is required in a replevin of distress for
rent, before any deliverance be made of the distress, to take in his
own name, from the plaintiff and one responsible person, as surety,
a bond in double the value of the goods distrained, conditioned for
prosecuting the suit with effect and without delay, and for duly re-
turning the goods and chattels distrained, in case a return shall be

[Neville v. Williams.]

awarded.   He is also required, at the request of the avowant or person making cognizance, to assign this bond to him; which may be sued by the latter, in case it be forfeited, and a recovery had thereon in his own name.   But, notwithstanding the bond in such case is made assignable to the defendant in the replevin, still the sheriff remains responsible to him for the sufficiency or ability of the obligees in the bond, either to return the distress if it should be awarded, or to pay the value thereof to the defendant in the replevin.   See Murdock *v.* Will, 1 *Dall.* 341 ; Oxley *v.* Coperthwaite, 1 *Dall.* 349 ; Pearce *v.* Humphreys, 14 *Serg. & Rawle* 23 ; Commonwealth *v.* Rees, 3 *Wharton's Rep.* 124.   And if it should happen, as is said by the counsel for the defendant in error to have been the case here, that the sheriff executed the replevin and made deliverance of the distress without taking any bond at all, then upon stronger ground and with more reason still is the sheriff liable to the defendant in the replevin, for a return of the goods distrained or the value thereof.   Such then being the responsibility of the sheriff, it cannot be doubted that in such case he would be liable to be sued and might be compelled to pay the value of the goods as found by the jury in the replevin, upon a return of *elongatur* being made to the writ *de retorno habendo,* after having been sued out and so returned, as was done here.   But whether the plaintiff here, as sheriff, took such bond or not, as is directed by the act, still he was not restrained by it or any other law from taking a security that would not only save him harmless from all loss or damage which might accrue from his having executed the writ of replevin, but also to secure him from becoming *liable* at all *to loss* or *damage* by reason thereof; which would seem to have been what was intended here, as may be plainly collected from the occasion of taking the judgment, as mentioned in the defeasance, and from the terms of the latter.   Now though the plea of *non damnificatus* may be the proper plea when the condition is merely to *indemnify* and *save harmless,* yet it is not so when the condition is to discharge or acquit the plaintiff from *liability,* as from a bond or other thing done or given by him creating a liability.   In this latter case, the defendant in pleading must set forth affirmatively the special manner of performance, and show that the plaintiff has been acquitted of his liability, and in what way it has been effected.   King *v.* Hobbs, *Cro. Eliz.* 914 ; Brett *v.* Andrews, 1 *Leon.* 71, 72 ; Mather *v.* Mills, 3 *Mod.* 252 ; Harris *v.* Pett, *Carth.* 375 ; S. C., 5 *Mod.* 243.   It would seem that if any replevin bond ever was taken here, none is now to be found, and that the judgment given by the defendant to the sheriff has been resorted to by the defendants in the replevin, instead of going against the sheriff himself, in order to recover the value of the goods distrained and the costs of the replevin accruing after the appeal thereon from the award of the arbitrators.   To this we do not see that any good objection can be made, either in law or equity.   The sheriff by the result of the proceeding in the replevin suit became clearly liable to the defendants therein for the return of the goods

[Neville v. Williams.]

distrained or else to the payment of the value of them, which was fixed by the verdict of the jury and the judgment of the court in the action of replevin at 380 dollars and 30 cents.   The goods however, as it appears by the return made to the court *de retorno habendo*, have been eloigned, and therefore are not to be had ; nor can the plaintiff in the replevin be found, as is shown by the return to the writ of *capias ad satisfaciendum* issued against him upon the judgment therein ; so that the only remedy remaining to the defendants in the replevin would seem to be either an action against the sheriff or an execution upon the judgment here in question.   The sheriff having become liable to them, as it appears, by reason of his having executed the writ of replevin without taking a bond from the plaintiff therein with at least one sufficient surety, is entitled to proceed upon this judgment against the defendant in order to relieve himself from such liability ; or he may permit the defendants in the replevin to assume a control over it, and to proceed to recover by execution thereon the value of the goods distrained as fixed by the jury in the replevin, that is, 380 dollars and 30 cents, with interest thereon from the date of the verdict, together with the costs of this action and those of the replevin which accrued after the time of the appeal taken from the award thereon of the arbitrators.   And if the sheriff were to refuse such permission, I am inclined to believe that the defendants in the replevin might claim it as matter of right.   It appears to me that they being creditors as it were, and the sheriff having become by his liability surety for the payment of what may be considered the debt owing to them by the plaintiff in the replevin as the principal debtor, have a right in equity to claim the benefit of the judgment or that of any other security taken by the sheriff to acquit and discharge him from his liability to pay the debt.

Under every view that can be fairly taken of this case, we are satisfied that the plea of the defendant is insufficient ; that the judgment of the court below in his favour must therefore be reversed, and judgment entered for the plaintiff for 450 dollars debt and 298 dollars damages, besides the costs in the replevin which accrued subsequently to the appeal therein from the award of the arbitrators, with the costs of this action ; and the record remanded to the court below that the judgment here may be carried into effect.

Judgment reversed, and judgment for the plaintiff.