## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1864
## AT LENOX.

#### PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. EBENEZER R. HOAR, }Justices.
Hon. HORACE GRAY, Jr.,

MEMORANDUM. — On the fifteenth day of August 1864, the Hon. PLINY MERRICK resigned the office of Justice of this Court, which he had held since the twenty-ninth day of March 1853.

On the twenty-third day of August 1864, HORACE GRAY, Jr., Esquire, of Boston, was appointed a Justice of this Court, in place of Mr. Justice MERRICK, and took his seat on the bench on the first day of this term.

---

## RUFUS L. T. POMEROY *vs.* JOHN D. TRIMPER.

It is not necessary, in a writ of replevin, which is directed to a deputy sheriff, to allege the value of the goods to be replevied.

A defendant in replevin, who has prevented the officer from delivering the replevied property to the plaintiff by attaching it upon a writ in his own favor, cannot object to the prosecution of the replevin on the ground of such non-delivery.

It is no ground for dismissing a writ of replevin, that an animal described in the writ as a heifer is described in the certificate of appraisement as a cow; or that the plaintiff has caused the officer, to whom the writ was committed, to bring an action against the defendant and another officer for taking the replevied property out of his hands, before its

delivery to the plaintiff; or that the plaintiff, as executor, has commenced an action against the defendant and his officer for the conversion of the replevied property, if it does not appear that the conversion relied upon was the same act for which the replevin was brought.

REPLEVIN of " one brown heifer, one grey heifer," and other chattels. Writ dated April 7th 1860, and returnable at June term 1860 of the superior court.

The appraisement was of " the within named brown cow " and " the grey cow," and of the other chattels as described in the writ; and showed their value to be more than twenty dollars.

The officer in his return, after setting forth the appraisement of the property, and the taking of a bond from the plaintiff to the defendant, stated that he thereupon replevied the property; that while he was transporting it for the purpose of delivering it to the plaintiff, it was forcibly taken from him without his consent by Harvey Holmes, a deputy sheriff, by attachment on mesne process in favor of the defendant against the plaintiff, and therefore he could not deliver it to the plaintiff; and that he summoned the defendant by delivering to him a copy of the writ of replevin.

The defendant, in a motion to dismiss, filed at the first term, and also in his answer, set up the following grounds of defence :

1. That the writ alleged no values of the chattels replevied, and so did not show that they were of sufficient value to give the court jurisdiction.

2. That it appeared by the officer's return that there had been no complete replevy and delivery of the property described in the writ, and no sufficient service thereof.

3. That the appraisement was of other property than that described in the writ.

4. That the plaintiff had caused the officer who served the writ of replevin to bring an action of tort against this defend-ant and Holmes for the wrongful taking and conversion of the property replevied; which action was brought after the writ of replevin, returnable to June term of the superior court in Hampden and there entered and pending at and before the time of the entry of this action, and prosecuted for the benefit of this plaintiff.

5. That on the 1st of May 1860 the plaintiff became the executor of the will of Elizabeth Van Allen, (who died before this replevin was sued out,) and thereupon, in his capacity of executor, brought several actions against said Holmes and the defendant for the conversion of the chattels named in the replevin, which were returned to and entered at June term 1860 of the superior court in Hampshire, and were still pending.

At February term 1861 this action of replevin was referred by rule of court in common form. The arbitrators found that the actions were brought and pending in Hampden and Hampshire, as alleged by the defendant, and that Elizabeth Van Allen died in 1857; and they awarded in favor of the plaintiff, subject to the opinion of the court upon the case above stated. The superior court accepted the award, and the defendant appealed to this court.

*M. Wilcox,* for the plaintiff.

*I. Sumner,* for the defendant.

GRAY, J. 1. It is unnecessary in this case to inquire whether the general rule of the English law, that the value of goods replevied need not be alleged in the writ or declaration, would, under that law, extend to writs of replevin in the form used in this commonwealth. See Wilkinson on Replevin, 41; *Gibbs* v. *Bartlett,* 2 Watts & S. 35; *Root* v. *Woodruff,* 6 Hill, (N. Y.) 424, and authorities there cited; 5 Dane Ab. 521. For we are of opinion that in this commonwealth the rule is fixed by statute.

The statutes of the Massachusetts Colony declared that "every man shall have liberty to replevy his cattle or goods impounded, distreined, seized or extended," (without limit of value,) "unless it be upon execution after judgment, and in payment of fines." Body of Liberties of 1641, art. 32. Mass. Col. Laws, (ed. 1660,) 69; (ed. 1672,) 132. Anc. Chart. 184. The law of the Plymouth Colony was similar. Plym. Col. Laws, (ed. 1672,) 14; (ed. 1685,) 6; (ed. 1836,) 256. The form of writ published with the Massachusetts Colony laws, as well as those prescribed in the statutes of the Province, did not contain any allegation of value of cattle distrained or impounded, nor indicate that any such allegation was required in any writ

of replevin.  Mass. Col. Laws, (ed. 1672,) 162, 163.  Prov. Sts.
13 W. III. (1701,) *c.* 13 ; 7 G. I. (1720,) *c.* 7 ; (ed. 1726,) 158,
289, 290.  It may be that in the Province, as in the mother
country, the writ of replevin, although allowed by law for any
goods unlawfully taken, was not in use except for distresses or
for impounded cattle.  See Prov. Sts. 9 W. III. (1697,) *c.* 2,
§ 2 ; 10 W. III. (1698,) *c.* 4 ; (ed. 1726,) 86, 96 ; Wilkinson on
Replevin, 2, 143 ; *Mellor* v. *Leather*, 1 El. & Bl. 628, 629, and
authorities cited ; *Mennie* v. *Blake*, 6 El. & Bl. 847.

But the first statute of replevins of the Commonwealth, after
directing the mode of proceeding before a justice of the peace
upon replevin of " cattle restrained or impounded," expressly
authorized the suing out of a replevin from the court of com-
mon pleas, for " any goods or chattels taken, distrained or
attached," " of the value of more than four pounds."  And the
same statute, which thus limited the writ to chattels above a
certain value, established a form of writ, in which the chattels
were directed to be " enumerated and particularly described,"
but were not required to be valued.  *St.* 1789, *c.* 26, § 4.  5 Dane
Ab. 515, 532.  The later statutes substitute " twenty dollars "
for " four pounds," and provide that the writ shall be substan-
tially in the form heretofore established and used.  Rev. Sts.
*c.* 113, §§ 27, 28.  Gen. Sts. *c.* 143, §§ 10, 11.  These statutes
are decisive that no allegation of value need be made by the
plaintiff.  And so the law is understood to be in Maine, under
like statutes.  *Thomas* v. *Spofford*, 46 Maine, 410.

The *St.* of 1789, *c.* 26, § 4, required the officer serving the
writ to take a bond from the plaintiff to the defendant in twice
the value of the goods, for the prosecution of the replevin to
final judgment and the payment of any damages and costs re-
covered by the defendant; but did not prescribe any mode of
fixing this value ; and of course left the officer liable to an
action, if he took insufficient security.  *Ladd* v. *North*, 2 Mass.
516, 517.  *Murdoch* v. *Will*, 1 Dall. 341.  *Gibbs* v. *Bull*, 18
Johns. 435.  *Kimball* v. *True*, 34 Maine, 84.  *Jeffery* v. *Bastard*,
4 Ad. & El. 823.  Under that statute a practice grew up, to
some extent, of inserting a valuation in the writ, perhaps with a

view of guiding the officer in fixing the amount of the security which he should require of the plaintiff. But the plaintiff, who expected in most cases to recover the goods specifically, and damages for their detention only, had no interest in setting the goods at their full value, and often undervalued them in the writ in order to diminish the penalty of his bond. To avoid this, and perhaps also to protect the officer, the *St.* of 1824, *c.* 106, § 1, provided that, whenever the defendant or the officer should suppose that a bond in a sum twice the value of the goods as alleged in the writ might be an insufficient security, the officer should cause them to be appraised by three disinterested persons, and return their appraisement on the writ, and take a bond to the defendant in double such appraised value. That statute only shows that a valuation had been sometimes inserted in the replevin writ, not that it was useful or necessary. And the reënactments of the provision do not mention any valuation in the writ. Rev. Sts. *c.* 113, §§ 20, 29. Gen. Sts. *c.* 143, §§ 4, 12.

There are several cases in which such an allegation has been made by the plaintiff, and, when made, has been held admissible against him in evidence of the value. *Clap* v. *Guild*, 8 Mass. 153. *Huggeford* v. *Ford*, 11 Pick. 224. *Barnes* v. *Bartlett*, 15 Pick. 79. *Swift* v. *Barnes*, 16 Pick. 196, 197. But it has been repeatedly held not to be conclusive evidence of the value of the property, even on the question of the jurisdiction of the court, nor to be in any way binding on the defendant. *King* v. *Dewey*, 11 Cush. 218. *Swift* v. *Barnes*, 16 Pick. 197. *Small* v. *Swain*, 1 Greenl. 135. *Thomas* v. *Spofford*, 46 Maine, 410.

An exception to the rule, established by the statutes above cited, that the writ need not allege the value, may perhaps exist where the writ is to be served by a constable, whose authority to do so is limited to cases in which the sheriff or his deputy is a party and the property does not exceed a certain value. Gen. Sts. *c.* 18, § 61. In such a case, Chief Justice Shaw said : " The authority to the constable is given only in specific cases, which must appear on the face of the writ." But the writ was

dismissed, not for want of alleging the value, but for not show‑ ing that the sheriff or his deputy was a party. *Conner* v. *Palmer*, 13 Met. 303.

In the case now before us, if any allegation of value had been necessary, it might have been inserted by amendment, and its omission would have been waived by the general rule of ref‑ erence. *Jaques* v. *Sanderson*, 8 Cush. 273. *Merrill* v. *Gold*, 1 Cush. 460. *Day* v. *Berkshire Woollen Co.* 1 Gray, 423.

2. There was no defect of service, of which the defendant can take advantage. The officer had caused the value of the property to be ascertained, and security to be given to the de‑ fendant, in the manner required by law, and had taken the property into his custody, when it was forcibly taken from him at the defendant's suit. It is well settled in England and in Pennsylvania, and, it would seem, in New York, that when the defendant wrongfully puts it out of the power of the officer to execute the writ and deliver the property to the plaintiff, the plaintiff may proceed in the cause, and recover damages for the full value of the property, as well as for the detention. Wilkin‑ son on Replevin, 20, 43, 85. *Bower* v. *Tallman*, 5 Watts & S. 561. *Baldwin* v. *Cash*, 7 Watts & S. 426. *Snow* v. *Roy*, 22 Wend. 604. And we can have no doubt that such is the law of Massachusetts. This would have afforded a strong reason for requiring the value to be stated in the writ, if the statutes already cited had not clearly dispensed with any such allegation. As by our practice no declaration, other than is contained in the writ, need be or usually is filed, it would be strange if a writ sued out in the form prescribed by the statute could be rendered insufficient by the defendant's subsequent wrongful interruption of the service.

If the objection to the service could ever have availed the de‑ fendant, it was clearly waived by the reference of the action.

3. The court know no authority for considering a " heifer " to be misdescribed as a "cow," except in the single instance of interpreting a penal statute, which by using both words mani‑ fested an intention to distinguish the one from the other. *Rex* v. *Cook*, 2 East P. C. 616 ; S. C. 1 Leach, (4th ed.) 105.

*Freeman* v. *Carpenter*, 10 Verm. 434. *Carruth* v. *Grassie*, 11 Gray, 211. In a case in the year books, a man brought replevin of a heifer (*juvenca*), and was afterwards nonsuit, and sued out his writ of second deliverance of a cow (*vacca*); to which the defendant's counsel objected on the ground of variance; but Fitzherbert, J. said : " The writ is good ; for it may be that it was a heifer at the time of suing out the replevin, and that it is now a cow." Year Book, 26 H. VIII. p. 6, *pl.* 27. So here, if there were a well defined line between a heifer and a cow, the court could not upon this record infer that the animals in question had not passed it after the suing out of the replevin and before the appraisement. But our decision need not rest upon this, for the description in the appraisement directly refers to the writ, and clearly identifies the animals replevied.

4. The action brought by the officer who served the replevin, against the defendant and the officer employed by him to interrupt the service and take away the property, is between different parties and for a different cause, and therefore no bar to this action.

5. Upon the same principle, the action brought by the plaintiff as executor of Elizabeth Van Allen, not being shown to be for the same cause of action, cannot affect this case.

*Judgment for the plaintiff affirmed.*