## SPENCER v. DOANE et al.

In a civil action, a party cannot raise the objection for the first time in the Supreme Court, that the jury before which the cause was tried in the Court below, was not duly selected and summoned as required by law. To enable a party to avail himself of such objection, it must be made in the Court below.

Spencer *v.* Doane.

Newly-discovered evidence, which is merely cumulative, affords no ground for a new trial.

It is not error for the Court to exclude affidavits, filed on a motion for a new trial, which are written in a foreign language.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the twenty-third day of August, 1861, a decree was rendered in the Fourth District Court, on the petition of Alta Gracia Carlos, divorcing her from her husband, Fernando Carlos. The decree further adjudged two-thirds of the community property to the plaintiff, and one-third to the defendant, and provided for other proceedings touching its distribution, among which was the appointment of Spencer, the plaintiff in this action, receiver.

On the twenty-second day of April, 1861, Pierce, one of defendants, commenced an action against Fernando Carlos, in the Fourth District Court, on a note of one thousand dollars, and procured an attachment to issue, by virtue of which defendant Doane, as Sheriff, levied on the personal property of said Fernando.

This action was brought by Spencer, as receiver, to recover the value of the property attached. The plaintiff claimed that the note was given by Fernando Carlos to Pierce, without consideration, and for the purpose of defrauding the wife.

*Wm. W. Chipman,* for Appellant.

*Cook & Hittell* and *Charles McC. Delany,* for Respondents.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by the plaintiff, as receiver in the divorce case of *Carlos* v. *Carlos,* to recover the value of certain personal property alleged to have been taken and converted by the defendants. The latter justify the taking under an attachment issued in an action brought by the defendant Pierce, against the husband in the divorce suit.

The first error assigned is, that the jury were not duly selected and summoned as required by law. It is a sufficient answer to say that no objection of this kind was made by the appellant at the

time of the trial. The record states that the "jury were duly impanneled, accepted, and sworn." It is further contended that the jury made a mistake in their verdict. The verdict is a general one in favor of the defendant. We are unable to understand, from the brief of the counsel or from the record, wherein this alleged mistake consists, unless it be that they were mistaken in finding for the defendant instead of the plaintiff. Another assignment of error is accident or surprise, caused by an alleged mistake made by some of the defendants' witnesses. We do not see anything in the record which would justify us in setting aside the verdict and judgment on these grounds. (*Taylor* v. *California Stage Company*, 6 Cal. 228; *Patterson* v. *Ely*, 19 Id. 29.)

Another ground for a new trial urged by appellant, is newly-discovered evidence. This new evidence is all cumulative, and upon the same points to which the witnesses of the plaintiff testified on the trial. In such case it affords, as a general rule, no ground for a new trial—as has been repeatedly decided by this Court. It is contended that the evidence is insufficient to justify the verdict. There is much evidence to sustain the verdict, and the Court below, who heard it all, deemed it sufficient; and this Court will not, therefore, disturb the verdict on that ground.

The next point is, that the Court erred in refusing certain instructions asked by the plaintiff. These instructions are predicated upon the idea that the alleged antedating of the note given by Carlos to Pierce, was a fraud upon the plaintiff, or Carlos' wife, which vitiated the note and formed sufficient ground for a verdict for the plaintiff. The Court gave several of the instructions asked by the plaintiff, which embraced all the points the plaintiff was entitled to in those refused; and it is evident, therefore, that the plaintiff suffered no injury by this action of the Court. So, too, in regard to the action of this Court in excluding affidavits on the motion for a new trial, written in a foreign language. If they had been admitted, they would have been of no benefit to the plaintiff on his motion; and he has therefore suffered no injury by their exclusion. After a careful examination of the points raised by the appellant, we see no grounds for reversing the judgment or granting a new trial.

The judgment is therefore affirmed.