[No. 7,495.—Department One.]
December 2, 1882.

## JOSHUA HENDY *v.* C. DESMOND ET AL.

NOTARY'S CERTIFICATE OF PROTEST.—Action on promissory note against the maker and indorser. The indorser (Sweeney) denied that the note was presented to the maker for payment, at maturity, and also that notice was given to him (the indorser) of the non-payment by the maker. On the trial of the case, the plaintiff introduced in evidence the protest of the notary, which recites: "I do hereby certify that on the second day of November, A. D. 1875, notice in writing of protest, demand, and non-payment of the above-mentioned note was served upon John Sweeney, the indorser of said note, in the City of San Francisco, by letter addressed to him, and personally delivering the same at his reputed place of business, No. 775 Market street, in this city, he being absent from his place of business, by direction of said holders."
    *Held :* The facts stated in the protest did not show that the notice of dishonor was given as required by § 3,144 of the Civil Code.
ID.—ORDER GRANTING NEW TRIAL REVERSED.—The notary was twice examined as a witness on the trial, and testified that he could not recollect anything more about the service of the notice than was stated in the certificate of protest. The trial Court gave judgment in favor of Sweeney, the indorser; plaintiff moved for a new trial, basing his motion on an affidavit of the notary, in which he states that after his examination as a witness in the case, he examined the city directory, thinking that if he could ascertain the business of Sweeney he might be able to recall the manner of the service of the notice of protest; that in the directory he found Sweeney described as keeping certain marble works, and that that fact brought the manner of his service of the notice of protest distinctly back to his mind; and the affiant then proceeds to detail the manner of service of the notice, which shows a compliance with the statutory requirements. On the strength of this affidavit the Court below granted a new trial.
    *Held :* The affidavit discloses a mere want of recollection. The city directory was open to the witness as well before as after the trial, and an examination of it before the trial would have disclosed the business of

Sweeney as well as an examination of it afterwards. Due attention, in due season, would have afforded the witness the data which he deposes refreshed his memory; and that being so, its subsequent discovery is not sufficient ground for a new trial. And the order granting it must be reversed.

APPEAL by defendant, J. Sweeney, from order of the Superior Court of the City and County of San Francisco, granting a new trial. WILSON, J.

Action on promissory note. The facts are stated in the opinion of the Court. After the decision in department, a petition for hearing in bank was denied.

*J. R. Brandon,* for Appellant.

*Arthur Rogers* and *Wm. H. H. Hart,* for Respondent.

Ross, J.:

We must reverse the order of the Court below granting a new trial. The action is against Desmond, as maker, and Sweeney, as indorser, of a promissory note for five hundred and sixty-five dollars and interest. Desmond suffered default, but Sweeney answered in the cause, denying that the note was presented to the maker at maturity for payment, and denying that notice was given to him (Sweeney) of the non-payment by Desmond.

On the trial of the case, the plaintiff introduced in evidence the protest of the notary, which recites: "I do hereby certify that on the second day of November, A. D. 1875, notice in writing of protest, demand, and non-payment of the above mentioned note was served upon John Sweeney, the indorser of said note, in the City of San Francisco, by letter addressed to him, and personally delivering the same at his reputed place of business, No. 775 Market street, in this city, he being absent from his place of business, by direction of said holders." The notary was twice examined as a witness on the trial, and testified that he could not recollect anything more about the service of the notice than was stated in the certificate of protest. By Statute—Political Code, Section 795—the protest of a notary is made *prima facie* evidence of the facts therein stated. But the facts stated in the protest in this case did

not show that the notice required by the law was given. Section 3144 of the Civil Code provides that a notice of dishonor may be given:

"1. By delivering it to the party to be charged, personally, at any place; or,

"2. By delivering it to some person of discretion at the place of residence or business of such party, apparently acting for him; or,

"3. By properly folding the notice, directing it to the party to be charged, at his place of residence, according to the best information that the person giving the notice can obtain, depositing it in the post-office most conveniently accessible from the place where the presentment was made, and paying the postage thereon."

As the notice of the dishonor of the note required by the law was not given to the defendant Sweeney, the trial Court properly gave him judgment. But after this the plaintiff moved for a new trial, basing his motion on an affidavit of the notary, in which he states that after his examination as a witness in the case, he examined the city directory, thinking that if he could ascertain the business of Sweeney he might be able to recall the manner of the service of the notice of protest; that in the directory he found Sweeney described as keeping certain marble works, and that that fact brought the manner of his service of the notice of protest distinctly back to his mind; and the affiant then proceeds to detail the manner of service of the notice, which shows a compliance with the statutory requirements. On the strength of this affidavit the Court below granted a new trial. But the affidavit discloses a mere want of recollection. The city directory was open to the witness as well before as after the trial, and an examination of it before the trial would have disclosed the business of Sweeney as well as an examination of it afterwards. Due attention, in due season, would have afforded the witness the data which he deposes refreshed his memory; and that being so, its subsequent discovery is not sufficient ground for a new trial.

While we do not, of course, impute to the witness in this case anything of the sort, it is manifest that the sanction of such a practice would open the door to the unscrupulous for

the perpetration of perjury, and would be fraught with great danger. (See *Arnold* v. *Skaggs*, 35 Cal. 684; Graham and Waterman on New Trials, vol. 1, pp. 477–479; id., vol. 2, pp. 1031, 1095–6; *Bond* v. *Cutler*, 7 Mass. 205; *Harbour* v. *Rayburn*, 7 Yerg. 432.)

Order reversed.

McKINSTRY and McKEE, JJ., concurred.