Bissell, J.
This controversy grew out of the transactions between one Oppenheimer, and Mrs. Shandel the appellee. Early in 1889, Oppenheimer bought a very considerable quantity of wine and similar goods from the appellants in San Francisco, and settled for them with his acceptances due in *138 thirty days. The goods were shipped to Denver and held by the railroad company for the freight and transportation charges. In order to get possession of the goods for the purposes of his business, he negotiated a loan with Mrs. Shandel for enough money to pay these charges and leave himself a small balance. It appeared that prior to the time of this transaction Oppenheimer had become indebted to either Mrs. Shandel or her husband in a little upwards of two hundred dollars, of which indebtedness Mrs. Shandel was undoubtedly the legal owner at the time of the latter transaction. The loan was made upon condition that this pre-existing indebtedness be treated as a part of it, and be secured in the same way that the money to be advanced was provided for, to wit: by a surrender and pledge of the goods to Mrs. Shandel as security for a return of the eight hundred and odd dollars. The loan was made, and the goods were put into Mrs. Shandel’s possession, and she was holding them as security for her advances when this suit was brought. After the shipment and pledge of the goods Haraszthy & Company became satisfied that Oppenheimer did not intend to pay for them, and that the transaction was of that fraudulent character which gave them the right to rescind the sale. Acting upon this theory they brought a replevin suit in the county court, and took the goods under the writ. Oppenheimer defended, and Mrs. Shandel intervened,—set up her claim for the advances and the pledge of the goods at the time of the loan, and prayed for relief accordingly. Haraszthy & Company, in their reply, set up what they alleged to be the fraudulent character of the transaction as between them and Oppenheimer,—denied the pledge for the advances, and then pleaded a conspiracy as between the intervenor and Oppenheimer, which, if proven, would have debarred Mrs. Shandel from any right to hold the goods as a security. The trial resulted in a judgment in favor of the appellants, and Mrs. Shandel alone appealed to the district court, where the cause was again tried and resulted in a judgment in her favor. Haraszthy & Company appeal, and assign various errors, of *139 which it will only be profitable to discuss those which are disposed of in the opinion.
During the progress of the trial in the district court the appellants sought to introducé in evidence the pleadings and judgment against Oppenheimer in the county court, as bearing upon the question of the light of Haraszthy & Company to rescind the contract. The proof was properly excluded. Under the issues the inquiry in the district court was as to the advances made by Mrs. Shandel to Oppenheimer, and the existence or non-existence of a conspiracy between them to defraud Haraszthy & Company out of their goods. The pleadings and judgment in the county court, as between Haraszthy & Company and Oppenheimer, would in no manner have tended to throw light upon this conspiracy, but would have brought another issue into the case not made by the pleadings, and would have been prejudicial to the assertion of whatever rights Mrs. Shandel may have had. In so far as those pleadings were a part of the case which was tried in the district court, it was wholly unnecessary to introduce them in evidence, since they could have been used for all legitimate purposes without the offer, and they were not otherwise available for the purposes.of proof.
It is insisted that the court erred in refusing some instructions which were asked by the appellants. It is enough to say, generally, that the instruction presented upon the subject of the right of the appellants to rescind the contract was wholly inapplicable to the issue which was being tried, and though perhaps good as a legal proposition was properly refused, because it tended to embarrass the jury with an issue which was not before them. Some of the instructions which were asked on the subject of the knowledge which it was asserted Mrs. Shandel had of Oppenheimer’s intention to defraud Haraszthy & Company were too broadly expressed to be an accurate statement of the law applicable to the case, and thejr were not justified by the evidence which had been introduced. The others, on that branch of the case, were fully covered by the eminently fair charge of the court *140 to the jury. The other instruction refused, whereon error is assigned, states the law to he that a pre-existing debt is not such a valuable consideration as will uphold the pledge, in the hands of the pledgee, against a creditor who has a right to rescind the sale and recover the goods from • his vendee. Much learning is to be found in the books touching the character of a pre-existing debt, as a consideration for the sale of real and personal property when the transfer is assailed by existing creditors. A revival of the discussion, or a defense of the doctrine announced, would be entirely superfluous. In this state the question has been set at rest, and it is well settled that a pre-existing debt is a good consideration to support the transfer of property as against existing creditors, unless the Iona fides of the transaction can be otherwise impeached. The action of the court below was in harmonjr with the law laid down by the supreme court of the state. Knox et al. v. McFarran, 4 Colo. 586; McMurtrie v. Riddell, 9 Colo. 497; Merchants Bank v. McClellan, 9 Colo. 608.
With reference to the other error assigned, that the verdict was unsustained by the testimony, -it need only be said that it was rendered on conflicting testimony, and upon any consideration of the preponderance of evidence the verdict of-a jury is entirely conclusive. Kinney v. Wood, 10 Colo. 270.
Perceiving no substantial error in the record, the judgment will be affirmed.

Affirmed.