Thomson, J.,
delivered the opinion of the court.
L. J. Laws, plaintiff below, alleges in his complaint that on June 3, 1891, he owned and possessed certain buggies and vehicles of the value of $1,330, which were on that day-taken, carried away and converted to his own use by the defendant, Barton. The answer was, first, a denial; and second, that the defendant was at that time sheriff of Arapahoe county, and that he took the property by virtue of a writ of attachment, issued out of the county court, against one Fannie C. MaCauley, and held it, and was still holding it as her property, it having been found in her possession. The answer then concludes thus: “ And that this defendant holds said property by virtue of said attachment writ, as he was therein commanded, and not otherwise, and that he holds the same subject to the further order of the county court of Arapahoe county, out of which court said writ of attachment was so issued.” The answer was verified by the defendant in person. The cause was set for trial on the 12th, and was tried on the 15th of February, 1892. On the day of the trial the defendant moved the court to amend his answer by striking out the clause which has been quoted, and inserting in lieu thereof the following: “ And that this defendant held said property by virtue of said writ of attachment, as he was therein commanded, and not otherwise, and that he did' hold and safely keep the same for about the space of forty-eight hours after demand was made upon him by Lewis J. Laws for the same, and that at the end of said forty-eight hours, or about that time, he returned said property to this plaintiff in the same condition at the same place and of the same value as when levied upon by him; and did surrender possession of said property to this plaintiff in compliance with the demand of the plaintiff.” In support of the motion the following affidavit was filed: “D. B. Ellis, being first duly sworn, on oath states: That he is one of the attorneys for the above named defendant; that he filed the answer now standing in this court in the form usually followed in his *214 office, and without giving special attention or specially looking up the status of this ease when said answer was filed, and under the impression that the sheriff, defendant, still held said property under and by virtue of said writ, and was not differently informed until the 12th day of February, 1892, when he called upon the deputy sheriff, who had charge of this matter under the said defendant, and was then informed for the first time that the levy was made under and by virtue of said writ of attachment, then in his hands as such sheriff, was by him released aud the property returned to the same person and in the same condition as when he, the said deputy, levied upon it under and by virtue of the writ of attachment set out in said answer.” The motion was denied.
The amendment asked was one which the court was authorized to allow upon affidavit showing good cause. Section 75, Civil Code.
It can hardly be said that the affidavit filed showed good cause, or any cause, for permitting the amendment. There is no affidavit of the defendant himself, explaining why he swore to the statements of the answer on file, if they were not true; nor is there any affidavit of the deputy in charge of the attachment, showing what he did with the property. The attorney seems to have prepared the answer in some form usually followed in his office, without consulting his client, the defendant, under the impression that it was true, and left it in that condition until the day on which the cause was set for trial, when he was informed otherwise by the deputy. Even the information derived from the deputy, as set out in the affidavit, was not that he returned the property to the plaintiff. If the defendant verified the answer under a misapprehension of the facts, his own affidavit should have been procured showing how the misapprehension arose, and in what particulars the facts were misstated; and it should have been accompanied by the affidavit of the deputy to the actual occurrences. But, even if all this had been done, an objection would still remain that the proposed amendment directly contradicts other portions of the answer. *215 We do not think that the court was guilty of any abuse of discretion in refusing to allow the motion.
The cause came on for trial, and the plaintiff testified as to the ownership and value of the several articles in question. He had been engaged in the business of manufacturing buggies, had manufactured those in dispute, except one which had been made by Studebaker Brothers, and was second-hand; and knew their value, rvhich he fixed. Prior to the attachment he sold his business to one Daniel W. Lesh. The sale embraced the unfinished buggies on hand, but did not include the ones in controversy. For the privilege of leaving these upon the premises while he was selling them out, he agreed to give Mr. Lesh a commission of ten per cent upon any of them sold by Lesh to persons who were not customers of plaintiff: Lesh afterwards sold the business to Frank Moore, and plaintiff made the same arrangement with him. Neither Lesh nor Moore was his agent for any purpose, or had possession of the property. The possession remained in plaintiff. Upon learning that the goods had been seized, he notified the defendant sheriff and his deputy that his property had been taken, and also applied to Mr. Ellis, the defendant’s attorney, to have it released; and finally some three weeks or more after the levy, he made a written demand upon the defendant for the goods, who informed him that he had levied upon them, had been indemnified by the attachment plaintiff, and had been instructed by the attorneys in the case not to deliver them up ; whereupon defendant commenced this suit. He also stated that the property had never been returned to him. There was some other evidence as to value, which will be noticed hereafter. Plaintiff then rested.
The defendant offered in evidence the writ issued in the attachment suit and the return upon it of the defendant sheriff; the plaintiff objected to its introduction, and the objection was sustained. Defendant contends that this ruling was error. He has not specified it in his assignment of errors so as to entitle him to have it considered; but the return recites a lety upon real estate only, and does not include *216 tli is properly; so that we are at a loss to comprehend its pertinency to any issue in the case, or to understand what error was committed in rejecting it. The defendant then, with the permission of the court, withdrew all of his answer except the denials, and introduced evidence tending to show that sometime after the property was taken it was turned over to Mr. Moore. The defendant was a witness for himself, and, upon cross-examination, was asked to identify his signature to the verification of his answer. The question was objected to because a portion of the answer had been stricken out or withdrawn. The objection was overruled. The defendant then identified the signature.
After the defense had closed, the plaintiff, in rebuttal, offered in evidence that portion of the defendant’s answer which liad been withdrawn. The defendant objected in these words: “ We make an objection as a matter of form.” The objection was overruled, and error is assigned upon the ruling. A ruling upon an objection like this is hardly the subject of review. Where the grounds of objection to evidence are not stated, so as to enable the trial court to judge whether the objection is well taken, it cannot be insisted upon in the appellate tribunal. It is possible, although counsel does not say so, that it was intended that the objection to the question asked defendant on his cross-examination, as to his signature, should apply to this offer ; but to permit such relaxation of the rules of practice would tend to introduce confusion into trials and render justice uncertain. If, however, we should transfer the objection from the place where it was made, to the place where it is urged, and consider it as if it had been so made at the trial, we are still unable to discover error in the ruling. It was not objected that the evidence was improper in rebuttal, or that the defendant was not given an opportunity to explain the statements of his answer. The sole objection urged is, that the answer having been withdrawn, was incompetent as evidence for any purpose. When the answer was withdrawn it was no longer a pleading in the cause. It was thereafter not the defendant’s answer; he *217 was not bound by any of its statements; it was out of the record,- and did not conclude him. But, although not a part of the record, and so not conclusive upon him, it was still a paper containing statements signed and sworn to by him. If his affidavit, or even an unsworn writing, signed by him, containing the same statements, had been in existence outside of the case, it will not be contended that it could not have been used, for what it was worth, to show an admission by him. He might have explained it so as to obviate its effect, but still it would have been competent in the first instance. The answer, although it was withdrawn from the case, was at least as good as the supposed outside affidavit or writing, and therefore equally competent as evidence. Dowzelot et al. v. Rawlings, 58 Mo. 75; Anderson v. McPike, 86 id. 293; Schad v. Sharpe, 95 id. 573; Stone v. Cook, 79 Ill. 424; Johnson v. Powers, 65 Cal. 179; 1 Greenl. Ev. § 195.
In addition to plaintiff’s testimony as to the value of the property,' the court admitted against defendant’s objection that of two witnesses, who had a general acquaintance with the articles manufactured in plaintiff’s shop, and testified as to the value of vehicles of the same class and quality with the ones in question, but were unacquainted with these specific articles. It is argued that this was error,' but it is not assigned as such; and as the error, if there be any, is not palpable, we are not disposed to notice it; especially as the record does not disclose that it resulted in any injury to the defendant. .
The court found for the plaintiff, and the defendant moved for a new trial upon the ground, among others, of newly discovered evidence. The motion was accompanied by the affidavit of Charles J. Pence, stating that he was one of the regularly employed attornej^s of the defendant, and that although he did not take part in the trial of the cause, he, immediately, after judgment rendered, proceeded to look up evidence for the defendant; and, in the course of his search, found that B. B. Halligan, residing in Kansas City, Missouri, knew something about the case, to whom he telegraphed, and *218 received a reply as follows: “ Casey turned over goods to Moore, he offered to sell buggies in my presence, Rogers & Ellis said let it drop and left stuff in Moore’s possession ; ” by the affidavit of E. E. Schlosser, to the effect that since the trial he, as the agent of the defendant, had been employed in finding the property in question, and had found the most of it at the bonded storage warehouse of the Denver Transit and Warehouse Company, whose boobs showed that it had been deposited there by Moore, who had taken the company’s receipt for it; and by the affidavit of A. W. Snyder, that he was the warehouseman of the Denver Transit and Warehouse Company, and that Moore had stored the property with the company, taking its receipt. A counter affidavit was filed, to the effect that the property had been left with Moore as the custodian of the defendant.
It is argued with apparent sincerity that a new trial should have been granted on that presentation. A showing sufficient to authorize a new trial upon such ground must possess several requisites, not one of which existed in this case. Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial, is one of the grounds for a new trial enumerated in the code. The application of the party desiring a second trial must show what diligence he used in preparing for the first, how the new evidence was discovered, why it was not discovered before the trial, and such facts as make it clear that the failure to produce the evidence was not through any fault or want of diligence of the applicant. Hilliard on New Trials, 495; 1 Graham & Waterman on New Trials, 473; Baker v. Joseph, 16 Cal. 180; Arnold v. Skaggs, 35 id. 684; Levitsky v. Johnson, 35 id. 43.
In the matter of diligence this application shows absolutely nothing. Indeed, it may be fairly inferred from the affidavit of Pence that the first search for evidence was made after the cause was tried.
The new evidence must be relevant and material; it must be such as would probably on a second trial change the re- *219 suit; and it must not be cumulative. Spencer v. Doane, 23 Cal. 420; Aldrich v. Palmer, 24 id. 515; Stoakes v. Monroe, 86 id. 388; Armstrong v. Davis, 41 id. 499; Parker v. Hardy, 24 Pick. 246; Hilliard on New Trials, 491, 499, 500.
The evidence proposed is not relevant or material. It is to the effect that the property was turned over to Moore by the defendant; but, unless Moore was plaintiff’s agent for the purpose of receiving it, which the undisputed evidence in the case shows he was not, that would be no defense. For the same reason it could not possibly change the result; and, it is cumulative, because évidence to the same effect was introduced at the trial. There is no error apparent in the record ; and, upon a review of the whole case, we are of the opinion that the judgment was for the right party, and should stand.

Affirmed.