[No. 159.]
### THE LEE-KINSEY IMPLEMENT CO. v. JENKS.

1. PRACTICE—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.
An application for a new trial on the ground of newly discovered evidence must show what diligence the party used in preparing for the first, how the new evidence was discovered, what it consists of and what facts it will establish, why it was not discovered before the trial, and must make it clear that the failure to produce the evidence was not through his own want of diligence.

2. SAME—CORPORATIONS.
An application for a new trial on the ground of newly discovered evi-

dence, made by a corporation and based on the affidavit of its secretary, is insufficient where the affidavit fails to show how the facts alleged came to be in the knowledge of the affiant and fails to show that no other officer or agent of the corporation knew of the evidence in time to have produced it at the trial.

3. PRACTICE—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

An application for a new trial on the ground of newly discovered evidence which shows that the whereabouts of the witness was discovered after the trial began, but four days before it was concluded, and which fails to show any effort to procure the attendance of the witness after his discovery or that his attendance could not have been procured in time, fails to show proper diligence.

*Appeal from the County Court of Arapahoe County.*

Mr. W. J. WEEBER, for appellant.

Messrs. McINTYRE & BRAY, for appellee.

THOMSON, J.

On the 15th day of April, 1896, Frank C. Jackson gave the appellant a chattel mortgage upon a hay-press. The hay-press was located in Arapahoe county, but, through some oversight, the mortgage was recorded in Weld county, and not in Arapahoe county. Afterwards, on the 26th day of June, 1896, Jackson gave a mortgage upon the same hay-press to the appellee. The indebtedness due the latter being unpaid, he took possession of the property, and the appellant brought replevin against him to recover it, alleging title under its chattel mortgage. At the trial, the plaintiff offered its chattel mortgage in evidence, but the court excluded the instrument on the ground that it had not been recorded in the county where the property was situated. To render the mortgage admissible, the plaintiff undertook to prove that the defendant had actual notice of its existence, at the time its own was executed; but the effort was a failure, and judgment was rendered for the defendant. The plaintiff then moved for a new trial, on the ground of newly discovered evidence. Accompanying the motion was the following

affidavit of C. F. Reed, the plaintiff's secretary: "C. F. Reed, being first duly sworn on oath says that he is secretary of The Lee-Kinsey Implement Company; that the trial of the above entitled case was had on the 17th day of March, 1897; that prior to that time plaintiff used due diligence to find Frank C. Jackson, a material witness in the case in behalf of plaintiff, made inquiry of his mother in the city of Denver, and of others who knew him, as to where said Frank C. Jackson was located or could be found, but could not ascertain where he could be found; that on the 18th of March, 1897, plaintiff was informed that said Jackson was working on Clear Creek, near the Platte river; that said plaintiff searched for him all the afternoon of the 18th, and all of the forenoon of the 19th day of March, in the vicinity of said Clear Creek and Platte river, and found that he had been there, but was not there then; that on the afternoon of the 19th day of March, 1897, plaintiff was informed that said Jackson was in Leadville, Colorado; that on Monday afternoon, the 22d day of March, 1897, said plaintiff discovered evidence which will establish the fact that Geo. W. Jenks, the defendant, had knowledge on and before the 26th day of June, 1896, that the Jackson hay-press No. 730 in question in this action was mortgaged to the above named plaintiff, and was not then free and clear from all incumbrance; that said evidence is new, material to the issue, and not cumulative, and will change the result of this cause; that plaintiff did not know of the existence of said evidence at the time of the trial and could not, by the exercise of the utmost diligence, have discovered and produced the same upon the former trial." Our statement of the facts leading up to the trial and judgment is composed largely of inferences drawn from the abstract and arguments. The printed abstract prepared for the appellant throws little light upon the case, and falls considerably short of being a compliance with our rules. Without a knowledge, which the abstract does not impart, the affidavit would be unintelligible. Instead, however, of dismissing the appeal on account of the insufficient abstract, we shall

look into the reasons which are presented for a reversal of the judgment.

Two errors are alleged. The first is the denial of the motion for a new trial; and the second, the form of the judgment. The defects in the judgment were cured after its entry by a proper proceeding, and a supplemental transcript filed in this court, showing the correction. There is, therefore, but one question left, and that is whether the court erred in refusing a new trial.

One of the grounds for a new trial, enumerated in the code, is newly discovered evidence, material for the party making the application, and which he could not with reasonable diligence, have discovered and produced at the trial. But the party desiring a second trial must show by his application what diligence he used in preparing for the first; how the new evidence was discovered; what it consists of, and what facts it will establish; why it was not discovered before the trial; and must make it clear that the failure to produce the evidence was not through his own want of diligence. *Barton v. Laws*, 4 Colo. App. 212. Many of the essential requisites of such an application are wanting in this one. Mr. Reed did not say that the preparation of this case for trial was specially intrusted to him, or that the management of the plaintiff's litigation was part of his duties as secretary; nor, as the plaintiff, being a corporation, presumably had other officers and agents by whose acts and knowledge it would be bound, did he state how, what the plaintiff did or did not do, or what it did or did not know, happened to be within his knowledge, or how it was that he knew that the evidence mentioned in the affidavit was discovered on the 22d day of March, 1897. Mr. Reed may have been entirely conscientious in making the affidavit, and yet some other officer or agent of the plaintiff may have had charge of this suit, and may have known long before the trial that the very evidence of which the affidavit speaks could be procured, and may not have imparted his information to Mr. Reed. The affidavit stated that the plaintiff instituted a search for Mr. Jackson, and failed to find

him until the 19th day of March, 1897.   But, although the trial was commenced on the 17th, yet, by reason of postponements and delays, it was not concluded until the 23d, so that the witness was found four days before the conclusion of the trial; and the affidavit did not state that any effort was made, after he was found, to procure his attendance at the trial, or that his attendance after the 19th, or on any day before the 23d of March, would not have been in ample time.   The affidavit did not state what Jackson would have testified to if he had been present, or show that his testimony would have been of the least consequence to the plaintiff.   The affidavit alleged the discovery of new evidence on the 22d day of March, but it did not show how the evidence was discovered; it did not state in what the evidence consisted, whether written documents, or the testimony of witnesses; and it gave no reason whatever why the evidence was not discovered sooner. The language employed could not have been more general; it gave conclusions, but no facts.   Every word of the affidavit may have been true, and the plaintiff, in the matter of securing evidence, been chargeable with the grossest negligence.   The application was utterly insufficient, and a new trial was very properly denied.

Let the judgment be affirmed.

*Affirmed.*