[No. 3944.]

BURRIS ET AL. v. ANDERSON ET AL.

1. AGENCY—PLEADINGS—EVIDENCE—ADMISSIONS.

In an action for specific performance of a contract to convey certain interests in a mining claim alleged to have been made by the principal defendants to plaintiffs in which other parties were made codefendants as claiming some right adverse to both parties and the principal defendants in a verified answer to the complaint of plaintiffs alleged, as a reason why they should not be compelled to perform their contract with plaintiffs, that before it was entered into they had made another contract with their codefendants·by which they agreed to convey the same property of which plaintiffs had full knowledge, it was such admission of the contract made with their codefendants as would relieve their codefendants, in support of their cross-complaint to enforce the contract, from proving authority on the part of the persons who signed the contract as agents for defendants.

2. ADMISSIONS—PLEADINGS—EVIDENCE.

Admissions made in a verified pleading may be considered as evidence in the case without formally introducing the pleading in evidence.

3. SAME.

Admissions made in a verified pleading and afterwards omitted from an amended pleading, while not conclusive against the party making them, are, nevertheless, admissible as evidence in the cause the same as oral admissions would be, and may be considered by the court without being formally tendered as evidence.

4. APPELLATE PRACTICE—EVIDENCE—AGENCY.

Where a decree was entered against appellants solely on the ground of a failure to prove authority on the part of persons who signed the contract, sought to be enforced, as agents, and the uncontradicted evidence shows their authority which was not denied at the trial, the decree should be reversed and remanded with directions to the trial court to enter a decree in favor of appellants.

*Appeal from the District Court of El Paso County.*

Mr. T. M. S. RHETT, Mr. A. W. RUCKER and Mr. J. C. HELM, for appellants.

Mr. ALFRED E. PARKER, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

James Doyle and others brought this action to enforce the specific performance of a contract. The principal defendants were Minnie E. Anderson and others, who are the appellees in this court. It was alleged that they entered into a contract with the plaintiffs by the terms of which they agreed to convey certain interests in mining property at Cripple Creek, and that they now wrongfully refuse to perform it. The appellants Burris and Brandenburg were named as codefendants, it being averred that they claimed some right or interest in the property adverse both to plaintiffs and their codefendants.

The appellees, as defendants below, filed their answer to the complaint, as did also the appellants. The latter admitted the making of the contract by plaintiffs and appellees as set up in the complaint, and also filed their cross-bill or cross-complaint in which they set forth certain agreements, as constituting one entire contract, by the terms of which appellees agreed—before their contract with plaintiffs was made and of which the latter had knowledge—to convey to appellants the same property that is the subject-matter of the contract set up in the complaint. Afterwards appellants filed what is called in the record an amended and supplemental cross-complaint, relying upon the same contract, to which appellees filed their separate answer and cross-complaint.

The case proceeded to trial upon the original complaint of Doyle and others and the answers of the different defendants, and upon the amended and supplemental cross-complaint of the appellants and the answer of appellees, thereto. All of the issues thus raised were tried at the same time. The

findings were against the plaintiffs and their complaint was dismissed; and as between appellants and appellees under the amended and supplemental cross-complaint of the former, the findings were in favor of appellees. From the judgment rendered against them on such findings, appellants have appealed to this court.

It appears from the record that the matters principally, if not exclusively, relied upon by appellees below to defeat the cause of action set up in the amended and supplemental cross-complaint of appellants were (1) that the contract relied upon was too ambiguous to be specifically performed; (2) that appellants, failing to comply with the terms thereof to be by them performed, lost the right to specific performance; (3) that the appellants fraudulently obtained from the appellees the contract in question, and for this reason it should not be enforced against them.

Upon all these questions urged by way of defense by appellees, the trial court found against them, but upon the ground that the authority of the appellees, who signed the contract, to act for the other appellees in whom the legal title stood, had not been established, relief was denied the appellants. This contract was not signed by those owning the property, but by the husbands and brother of the owners. The claim of appellants was that they signed it as the agents of the owners, and that the latter, after a full knowledge of the terms of the contract, ratified and approved the same, and acquiesced in and enjoyed its benefits.

The trial court held that there was no evidence, and no attempt upon the part of appellants, to show that the alleged agency existed, and for this reason alone entered a decree in favor of appellees.

At the close of the evidence the case was taken under advisement by the court, the respective counsel submitting briefs but not arguing the case orally, and at the end of ninety days findings were made and a decree entered. We are persuaded that the learned trial judge overlooked the evidence of agency which ought to have been considered, and

committed error in refusing to consider the admissions of agency in appellees' pleadings, as we shall presently see.

In the exhaustive and able opinion handed down by the judge it is made very clear that the only defenses available to the appellees under the pleadings were not made out, and their conduct as characterized by him, which the record so signally manifests, is not such as to commend them to the especial consideration or tender care of a court of equity. Had the authorities touching the admission of the pleadings been brought to the attention of the trial court, and had there been oral argument in which the uncontradicted evidence could have been reviewed, we are satisfied that the findings and decree would have been in favor of appellants. This conclusion is reached after a careful examination of the voluminous record, and its correctness is obvious from the following:

1. In their verified answer to the complaint of plaintiffs, all the appellees affirmatively alleged, as one reason why they should not be compelled specifically to perform their contract with plaintiffs, that before it was entered into they had made another contract with their codefendants (appellants) by the terms of which they agreed to convey the same property to appellants, full knowledge of which plaintiffs had at and before the time their alleged rights accrued.

Here was a distinct admission or affirmation under oath by all the appellees that the contract which was signed by some, was the contract of all of them. But appellees say that while this admission in the answer may operate in favor of plaintiffs, it cannot be availed of by appellants, for the latter were not concerned with the issues joined between plaintiffs and appellees, and in no event can an admission of this character be considered unless the pleading be formally introduced in evidence, which was not done below.

In *Haraszthy et al. v. Shandel*, 1 Colo. App. 137, a question exactly similar in principle was before the court. The cause originated in the county court where the judgment was for the plaintiffs against the defendant and an intervenor:

On appeal to the district court by the intervenor alone, the trial resulted in her favor. The plaintiff being dissatisfied therewith appealed to the court of appeals. At the trial in the district court plaintiff sought to introduce in evidence upon the issue which was solely between him and the intervenor, the pleadings and judgment which were rendered against the defendant in the county court, and it was held that the proof offered was properly excluded because, under the issue for trial in the district court, the inquiry could not thereby be elucidated; as that issue was entirely different from that between plaintiff and defendant, tried in the county court. The court, however, used this language pertinent to the question before us : " In so far as those pleadings were a part of the case which was tried in the district court, it was wholly unnecessary to introduce them in evidence, since they could have been used for all legitimate purposes without the offer, and they were not otherwise available for the purposes of proof." ' It was not necessary, therefore, for appellants formally to introduce in evidence the pleading containing appellees' admission, for it was a part of the case tried in the district court, and the issues made it legitimate evidence.

While a party may omit from an amended pleading, admissions contained in the original verified pleading, and while, for the purposes of the trial, the original pleading, as such, is out of the case, and though, in such circumstances, he is not bound by the statements of the discarded pleading, that is, he is not concluded by them, still, as in the case in hand, where it is a paper containing statements signed and sworn to, it is competent evidence in the first instance as against those making them, the same as oral admissions would be, subject, of course, to explanation so as to obviate its effect. *Barton v. Laws*, 4 Colo. App. 212, 216.

Furthermore, this verified answer of appellees to plaintiffs' complaint was not discarded, and it continued a live pleading throughout the trial, and it was competent for the court to consider, as throwing light upon the issues under appellants' amended and supplemental cross-complaint, any statements

or admissions of the making of the contract, or the agency, found in appellees' answer to the plaintiffs' complaint. Certainly, such an admission in that answer was pertinent and material under the issues arising under the amended cross-complaint under which appellants sought to enforce the so-called Burris contract.

2. We also find in the answer of appellees to appellants' original cross-complaint an admission that the so-called Burris contract was executed by the appellees, though it is strenuously argued that, since this answer was discarded, and the trial, as between appellants and appellees, was upon substituted pleadings, any admissions contained in this original answer are not to be used against the appellees. We think they may be, subject, of course, to explanation, of which appellees had full opportunity. *Barton v. Laws, supra*, is against this contention, and so, also, are the cases of *Crater v. McCormick*, 4 Colo. 196; 1 Greenleaf on Evidence (15th ed.), § 195; *White v. Smith*, 46 N. Y. 418; *Tisdale v. President, etc., of D. & H. C. Co.*, 116 N. Y. 416; *Holmes v. Jones*, 121 N. Y. 461; 1 Thompson on Trials, § 260; *State v. Simpkins*, 77 Ia. 676.

3. If, however, the admissions adverted to be disregarded, we find in the answer of appellees to the separate and amended cross-complaint of appellants—which appellees concede was a *live* pleading throughout—specific affirmative allegations that the contract upon which appellants relied was executed as alleged in the amended and supplemental cross-complaint, and in the light of the record appellees cannot escape the consequences of such averments.

4. Thus far we have discussed the question solely from the standpoint of pleadings. If, however, we put aside their admissions, it sufficiently appears from the uncontradicted testimony in the case that the owners of the property now sought to be bound not only authorized the execution of the contract by their coappellees, but after the same was executed and appellants took possession of the property under it,

such contract was ratified and approved by the owners with full knowledge upon their part of its execution.

The owners of this property, being a portion of the appellees, did not see fit to testify upon the trial, and we find no contradiction in the record, and our attention has not been called to any evidence negativing or casting doubt upon that part of the evidence, which, if true, clearly established the agency alleged. Upon this question, therefore, we are satisfied beyond any doubt that it was established. Indeed, a careful examination of the record shows that there was no intention at the trial upon the part of appellees to put it in issue, and the case was tried by all parties upon the assumption that it existed as alleged, and in their briefs prepared for the district court it is asserted, and not denied, that no claim was made that the agency was controverted and no point made that proof of it was lacking.

The decree should, therefore, be set aside, canceled, and held for naught, and the cause remanded with instructions to the district court to enter a decree in favor of the appellants as against the appellees for a conveyance of the properties in question as prayed for in appellants' amended and supplemental cross-complaint, and it is so ordered.

*Reversed.*