## NICHOLSON ET AL., RESPONDENTS, *v.* METCALF, APPELLANT.

(No. 1,942.)

(Submitted September 28, 1904. Decided November 10, 1904.)

*New Trial—Newly Discovered Evidence—Diligence—Abuse of Discretion—Appeal.*

Affidavit in support of a motion for a new trial on the ground of newly discovered evidence, examined and *held* insufficient to show diligence required by Code of Civil Procedure, Section 1171.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by D. D. Nicholson and another against George Metcalf, as administrator of the estate of Peter B. Dunn, deceased. There was judgment for defendant, and from an order granting a motion for a new trial he appeals.   Reversed.

*Mr. E. F. Fleming,* and *Mr. W. E. Moore,* for Appellant.

*Mr. M. D. Kelly,* for Respondents.

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

This is an appeal by Metcalf from an order granting a new trial.   The only ground of the motion for a new trial was newly discovered evidence.   The only affidavit filed showing that evidence was newly discovered is that of plaintiffs.   This affidavit, in so far as the discovery of the evidence and the showing of diligence in that regard is concerned, is as follows: "That subsequent to the trial of said cause, to-wit, on the 12th day of December, A. D. 1902, I have discovered evidence which will establish the fact that myself and my co-plaintiff in said action," etc.   Then follows a statement of the evidence which has been discovered.   The affidavit then continues: "I did not know of the existence of said evidence at the time of the trial, and could not, by the use of reasonable diligence, have discovered or produced the same upon the former trial.   The name of the witness by which I can establish the facts herein set forth is E. A. Briggs, now residing at Centerville, in Silver Bow county, Montana; that I did not for eighteen years prior to the 12th day of December, A. D. 1902, know the whereabouts of said Briggs." The affidavit of Briggs also appears in the record, supporting the affidavit of plaintiffs as to the facts to which he would testify, and stating that he was present and heard the conversation upon which plaintiffs' cause of action was based.

The statute concerning new trials provides as follows: "The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party: * * * (4) Newly discovered evidence material for the party making the application which he could not with reasonable diligence have discovered and produced at the trial." (Section 1171, Code of Civil Procedure.)

We are of the opinion that the affidavit does not contain a sufficient showing of diligence, as contemplated by the statute, to warrant the order appealed from. (*Rand* v. *Kipp,* 27 Mont. 138, 69 Pac. 714; *Gregg* v. *Kommers,* 22 Mont. 511, 57 Pac. 92; *Caruthers* v. *Pemberton,* 1 Mont. 111; *Butler* v. *Vassault,* 40 Cal. 74; *Hendy* v. *Desmond,* 62 Cal. 260; *Bagnall* v. *Roach,* 76 Cal. 106, 18 Pac. 137; *Barton* v. *Laws,* 4 Colo. App. 212, 35 Pac. 284; *State* v. *Power,* 24 Wash. 34, 63 Pac. 1112, 63 L. R. A. 902; *Bradley* v. *Norris,* 67 Minn. 48, 69 N. W. 624; 1 Spelling on New Trial and Appeal, Secs. 209-218.)

Under these authorities it was incumbent upon plaintiffs to show that they had been guilty of no laches, and that failure to produce the evidence on the trial could not be imputable to lack of diligence on their part. They must make strict proof of diligence, and a general averment of its existence is insufficient. Whether reasonable diligence has been used is a question to be determined by the court upon the affidavits presented, and therefore these affidavits should state with particularity what acts were performed. They should show what diligence was used, how the new evidence was discovered, why it was not discovered before the trial, and such other facts as make it clear that the failure to produce the evidence was not their own fault, or because of want of diligence on their part. So far as the evidence presented in this case is concerned, the first search for evidence may have been made after the cause has been tried. If Briggs was present at the conversation, plaintiffs must have known it. Perhaps this fact escaped their memory at the time of the trial,

but mere forgetfulness is no excuse. (*Hendy* v. *Desmond,* 62 Cal. 260.)

The mere allegation that for eighteen years plaintiffs did not know the whereabouts of Briggs is insufficient. If plaintiffs knew that Briggs could testify in their behalf, they should have shown that they had exhausted the methods provided by law for obtaining the attendance of witnesses. If they did not know that Briggs could so testify, it is immaterial that they did not know his whereabouts.

While it is true that the granting or refusing of a motion for a new trial is largely in the discretion of the trial court, and its action will not be interfered with on appeal unless there is abuse of such discretion, the affidavits being defective in the showing of diligence, we are satisfied that the court below had no authority to grant the order, and therefore abused its discretion.

We therefore advise that the order appealed from be reversed, and the cause remanded.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order is reversed and the cause remanded.