[No. 7377]

HARVEY ET AL v. DENVER & RIO GRANDE RAILROAD COMPANY.

1. EVIDENCE—*Admission in Pleading*—*Effect*—Matters of fact knowingly and intentionally admitted in the pleadings cannot be afterwards contradicted in the same case. The admission concludes the party, even though the jury find contrary to what is so confessed.

2. PLEADINGS—*Tender*—*Payment into Court*—*Offer of Judgment*—Answer admitting the sum claimed by plaintiff, and averring a readiness at all times to pay the same "upon delivery to defendant of a receipt, etc., and to keep said tender good, defendant has deposited in this court," the amount admitted "payable to the order of plaintiff upon delivery by plaintiff of said receipt." *Held*, neither a tender nor an offer of judgment under section 312 of the code.

3. INTEREST—*When Allowed*—The pleadings showed a balance agreed upon as due from defendant to plaintiff, upon a written contract which had been fully performed by the plaintiff on March 7, A. D. 1902. No tender of payment had ever been made, though defendant pleaded a deposit of the amount in court, "payable to the order of the plaintiff on delivery of receipt." *Held*, that under Rev. Stat., sec. 3162, plaintiff was entitled to interest from March 7th, 1902.

*Error to Denver District Court.*—Hon. HUBERT L. SHATTUCK, Judge.

Mr. THOMAS B. STUART and Mr. CHARLES A. MURRAY, for plaintiffs in error.

Mr. E. N. CLARK, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. October 29, 1902, plaintiffs filed in the district court of Arapahoe county, now the city and county of Denver, their complaint against the railroad company, containing two distinct causes of action not relating to the same subject matter. The first was for a balance of $564.29 alleged to be due under a written contract, and the second was based on a claim for services rendered

and appliances and materials furnished defendant between certain dates.   To this complaint defendant filed a verified answer in which, answering the first cause of action, among other things, it says:

"Defendant admits that said plaintiffs under the terms and conditions of said contract became entitled to payment in the further sum of $564.04."

It denied generally and specifically the allegations of the second cause of action.   The first trial of the case was to a jury, and on completion of the introduction of evidence, the court, upon motion of defendant, instructed the jury to return a verdict in favor of plaintiffs in the sum of $564.04, the amount admitted by defendant to be due on the first cause of action.   From the judgment entered on the verdict, plaintiffs sued out a writ of error, and this court reversed and remanded the case, because the trial court permitted the railroad company, over the objection of plaintiffs, to introduce evidence of payment in defense to the second cause of action, which, not having been pleaded, was error.

See *Harvey v. D. & R. G. R. R. Co.*, 44 Colo. 258, 99 Pac. 31, 130 Am. St. 120.

Before the second trial, an amended answer was filed to the original complaint, wherein defendant again said, answering the first cause of action:

"Said plaintiffs were entitled to receive from defendant the further sum of $564.04, which said sum this defendant now, and has at all times, been willing and ready to pay said plaintiffs."

It sets out receipts showing payment of plaintiffs' demands on the second cause of action, to which plaintiffs replied, admitting the execution of the receipts, but seeking to avoid them on the ground that they were procured by fraud and misrepresentation on the part of the

agents of defendant. On motion this reply was stricken. The second trial was to the court without a jury, and plaintiffs moved for judgment on the pleadings and records on the first cause of action for $564.04 and interest, which was denied. Thereafter, on motion of defendant, the court entered an order "that said plaintiffs take nothing by their said suit, and that said defendant go hence hereof and have and recovered of and from the said plaintiffs its costs, etc."

2. The question of tender has nothing to do with the merits of this controversy, and will not be considered, except as it may have a bearing on the matter of interest and costs, which will be discussed later. Neither will we enter upon a discussion of the opinion rendered upon the former hearing. It is directed to the second cause of action, which is abandoned by plaintiffs and eliminated from the case. The question now is whether the court should have entered judgment for plaintiffs on the pleadings and records on the first cause of action, upon their motion. It is an enigma to us, under the admissions contained in both the original and amended answers to the first cause of action, where defendant pleads it is indebted to, and offers to pay plaintiffs $564.04, how it can now appear here and endeavor to uphold the action of the lower court in refusing plaintiffs a judgment for the amount it admits is due. It is the settled rule in this state, as we understand it, that whatever is knowingly and intentionally admitted on either side by the pleadings cannot be contradicted in subsequent proceedings in the same case or even by the verdict. A party cannot retract what he has before knowingly and intentionally admitted on the record. The effect of such admissions is to conclude the party, even though the jury improperly go out of the issue and find contrary to what is confessed on the record. The admission operates in a manner to prevent the facts from being afterwards brought into question

in the same suit, and is conclusive as to the truth of the matters admitted, in any subsequent action between the same parties. There is no claim that this admission was procured by fraud, mistake or through ignorance of the facts. *Crater v. McCormick,* 4 Colo. 200; *Burris v. Anderson,* 27 Colo. 511, 62 Pac. 362; *Dodge v. Chambers,* 43 Colo. 374, 96 Pac. 178.

3. As to the question of interest, section 3162 R. S. 1908 provides:

"Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of 8 per cent per annum for all moneys after they become due, on any bond, bill, promissory note or other instrument of writing;" also on moneys due on account from the date when the same became due.

The pleadings on both sides show that the $564.04 was a balance due plaintiffs under a written contract which had on plaintiffs' part been fully performed prior to the 7th day of March, 1902, and defendant admits that that amount was due on that day. This is the date, then, from which interest should be computed, if allowed. This amount being due on a written instrument, it follows that plaintiffs were entitled to interest unless there is some. reason why they should not recover it. Considerable argument is devoted to the question of tender, in the briefs. An examination of the record fails to disclose any tender. All we are able to find concerning the subject is in paragraph 4 of the amended answer, where defendant says:

"And this defendant further says that it now stands ready, as it has at all times hitherto, to pay the plaintiffs said sum of $564.04 upon the signing and delivery to this defendant of a receipt, release and acquittance as aforesaid and to keep said tender good, this defendant

has deposited in this court the sum of $564.04 payable to the order of said plaintiffs, upon the signing and delivery by the said plaintiffs of said receipt, etc.''

This is not a tender, neither is it an offer under section 312 Code of 1908, that judgment be entered for that amount.

We are of the opinion plaintiffs are entitled to interest, and it is immaterial whether we allow it on money due on an instrument of writing or on money due on account. In *Donley v. Bailey,* 48 Colo. 373-381, 110 Pac. 65, the word "account" as used in this section is discussed and its meaning construed. It is there held that a commission earned for services rendered in procuring a customer who entered into a lease, is money due on account, and draws interest from the date the commission becomes due. If money earned in such a transaction can be said to be due on account and draw interest, surely the amount admitted to be earned and due upon this written contract is due upon account. Furthermore, in *Higgins v. Armstrong,* 9 Colo. 38-59, 10 Pac. 232, it is held that interest may be recovered on a liquidated sum admitted to be due and payable on a day certain.

The judgment is reversed and the cause remanded with directions to the lower court to enter judgment in favor of plaintiffs in the sum of $564.04, with interest thereon at the statutory rate from March 7, 1902, and costs.

*Reversed and remanded with directions.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.